This is a divorce case.
Lela Sizemore and Wallace Sizemore were married June 6, 1974. This was their second marriage to each other. The parties were previously married July 1, 1961 and divorced July 30, 1970. Two children were born of the first marriage and one child was born of the second. All of the children are minors.
After a period of separation, Lela Sizemore filed a complaint for divorce in March 1980. An ore tenus hearing was held on a petition pendente lite and, as a result, the husband was ordered to pay $200 per month as child support.
At the time of this hearing, Wallace Sizemore lived at the marital home located on property his parents had given him. The wife and children lived in a trailer on a friend's property. The husband was employed as a mechanic for U.S. Pipe in Chattanooga, Tennessee. Lela Sizemore worked at Simco Saddlery of Chattanooga. For extra income, she did belt work for Simco. She also did ceramic work at home. The husband's income was significantly higher than the wife's earnings.
In November 1981 a trial was held. The husband, at the time of trial, was eight months behind on his child support payments. A final decree was entered on December 10, 1981 and amended on December 22, 1981. Custody of the children was awarded to the wife with visitation rights given to the husband. Wallace Sizemore was ordered to pay the $1,600 child support in arrears and to pay $250 per month as child support. The court ordered that each party retain the real property in which he or she had been given title. The wife was awarded $1,800 as alimony in gross. In the amended decree the wife was given an income tax refund check, half of which was to constitute partial payment of the sum owed by the husband. The husband filed a motion for new trial and a motion in the alternative for the court to alter, amend or vacate the judgment. After a hearing on these motions, the motions were denied. The husband brings this appeal and raises three issues.
Husband's first contention is that the trial court erred by increasing the $200 pendente lite child support award to $250 in the final decree without a proper showing of a change in circumstances.
The husband argues that the $200 per month child support awarded in the pendente lite order could not be increased in the final decree without a showing of a significant change of circumstances. Since no significant showing of changed circumstances was made by the wife at trial, husband contends that the court could not increase the child support award in the final decree to $250 per month.
In support of his contention appellant-husband cites Alfordv. Alford, 368 So.2d 295 (Ala.Civ.App. 1979) and 8 Ala. Digest,Divorce Key No. 309. The authority cited concerns the modification of a child support award made in a final divorce decree. The facts in the cited case differ from the facts established in the case at bar. In the instant case the $200 per month child support award was made pursuant to a pendente lite petition to provide support for the children during the pendency of the divorce proceeding. *Page 241 
The granting of pendente lite child support is in the court's discretion. Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591
(1948), and review of the trial court's exercise of such discretion is by way of mandamus, inasmuch as it is not a final decree. Rickerson v. Rickerson, 203 Ala. 203, 82 So. 453
(1919). Such an award is effective only until all matters can be determined by final decree. Ex parte Gurganus, supra.
In the present case no effort was made to alter the pendente lite child support award as authorized by the above cited cases. Moreover, whether the trial court awarded too much or too little child support in the final divorce decree is to be determined on the basis of the evidence submitted to the court in support of the final decree, not on the basis of changed circumstances between the pendente lite award and the final decree.
Husband's second issue is whether the trial court erred in awarding alimony in gross to the wife. The husband argues that such an award should not have been made since the wife failed to make a request for alimony in her pleadings.
Rule 54 (c) of the Alabama Rules of Civil Procedure states: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
Alabama Rules of Civil Procedure, rule 15 (b) states the same principle as follows:
 "(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." (Emphasis added.)
The record reveals that a considerable amount of evidence concerning the parties' financial conditions was presented. This evidence clearly related to alimony and child support. When the record reveals evidence that supports an award of alimony in gross, the trial court is not precluded from making an award even if such was not specifically requested. Tidwellv. Tidwell, 379 So.2d 614 (Ala.Civ.App. 1980). See also Parrishv. Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979); Awad v. Awad,54 Ala. App. 154, 306 So.2d 21 (1975). No error here.
The husband also argues that if the wife was entitled to this money, the award should have been made through a division of property rather than alimony in gross. He contends that from the record it appears this award was based on the amount the wife spent on improvements for the marital home. This is the house now occupied by the husband.
An award of alimony in gross represents the present value of the wife's inchoate marital rights. Such an award may also represent the fruits of the marriage where liquidation of the parties' assets is not practicable. Wilson v. Wilson,404 So.2d 76 (Ala.Civ.App. 1981). See also Williams v. Williams,402 So.2d 1029 (Ala.Civ.App. 1981). We find no error in the court's denomination of its award as alimony in gross.
In his final issue, husband contends that the trial court failed to consider evidence that the wife had denied him visitation with his children in fixing the amount of the child support arrearage. In support of his contention, the husband presented evidence that his wife, in an effort to keep him from visiting the children, threatened to harm him. Because of the wife's alleged actions, he did not have the opportunity to visit with the children. In brief the husband argues that the trial court should have considered these circumstances in arriving at the amount of child support arrearage. Because of its failure to consider his lost visitation rights, the arrearage award was excessive. *Page 242 
At the trial, the wife presented evidence contradicting the husband's allegations of violence. She denied ever having interfered with the husband's visitation rights during the time period at issue.
Where the evidence is in conflict, the trial court's judgment resolving that conflict will not be set aside unless the judgment is plainly and palpably erroneous. Dye v. Dye,406 So.2d 420 (Ala.Civ.App. 1981).
The court, after hearing and weighing the conflicting evidence, apparently decided that the husband had not been denied visitation with his children, because it ordered the husband to pay all of the child support payments that he had missed. The evidence supports such a conclusion, and we conclude that the court's finding is not plainly erroneous.
The appellee made a motion for damages for frivolous appeal. This motion is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.