BRADLEY, Judge.
This is a divorce case.
Shalah Ashbee and G. Wayne Ashbee were divorced by a July 26, 1982 decree of the Mobile Circuit Court. Under the terms of the decree, the wife was given custody of the couple’s two minor children, and the husband was to pay $600 per month in child support. This amount was to increase to $700 per month on March 1, 1983. Those provisions of the decree concerning division of the couple’s personal property allowed each of the parties to retain an automobile, and awarded the bulk of the household furnishings to the wife. Debts were to be paid from savings accumulated during the marriage, and the remainder of the cash was to be divided equally. Mrs. Ashbee has appealed to this court from the trial court’s decision.
The first issue raised by the wife in her brief concerns the trial court’s refusal to award her either alimony pendente lite or periodic alimony. She claims that such action constituted palpable error and gross abuse of discretion on the part of the trial court in light of the fact that any sums awarded were designated as child support and were not intended to be alimony. She further says that her only possible source of income is from her ability to teach music and that her earnings in this capacity are severely limited by the fact that she lacks a master’s degree in music. Mrs. Ashbee urges us to find that the trial court’s failure to award alimony in the face of this evidence and evidence that her former husband had income from his law practice was reversible error. The husband, on the other hand, argues that the amount awarded to Mrs. Ashbee represents a fair and equitable division of the couple’s property and that, as such, it was not an abuse of the trial court’s discretion. He urges us to find that the support payments provided for in the decree were appropriate when the parties’ earning abilities are considered.
As to the wife’s claim that alimony pendente lite should have been awarded, we note that the proper method of seeking appellate review of such an action on the part of the trial court is through a petition for a writ of mandamus. Sizemore v. Sizemore, 423 So.2d 239 (Ala.Civ.App.1982). Since this issue has been raised improperly, we are unable to consider it.
We similarly find no merit to the wife’s claim that the refusal to award her periodic alimony constituted reversible error. An award of alimony is a matter which rests largely within the trial court’s discretion. It will not be disturbed on appeal unless it can be shown to be palpable error or gross abuse of discretion. Lewis v. Lewis, 416 So.2d 755 (Ala.Civ.App.1982). Our review of the record indicates that such was not the case in the instant appeal. Evidence at trial showed that the husband’s *1314 income had been reduced by virtue of the fact he had recently changed from corporate employment to the private practice of law. Furthermore, the wife received a significant amount of cash in connection with the order to divide the couple’s property after the debts of the marriage were paid. Considering the husband’s limited earnings ability and the division of other property, we feel that the trial court’s refusal to award the wife periodic alimony was a proper exercise of its discretion.
Mrs. Ashbee next argues that the fact that her trial attorney failed to enter into evidence an investigative report concerning sexual misconduct on the part of her former husband deprived her of a fair hearing. She claims that this report would have shown fault on his part and would have convinced the court to have been more generous in its award to her. We note that the primary reason that this report was not introduced at trial was an objection on her part. On November 13, 1981 the husband filed a motion in which he sought production of “copies of all investigatory reports by a private detective or others made prior to the filing of the litigation and in the possession of the defendant or her attorney or under their control.” The wife objected to the production of such documents on grounds that they were work product, and the court denied the husband’s motion to produce. Since Mrs. Ashbee objected to the production of the report, she cannot now complain that it was never entered into evidence at trial.
Other issues raised by the wife are pretermitted because she has failed to cite appropriate authority for them. Rule 28, Alabama Rules of Appellate Procedure. See also Blair v. York Engineering Co., 380 So.2d 878 (Ala.Civ.App.1980).
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.