BRADLEY, Judge.
Roger Lawrence, hereinafter referred to as husband, filed a complaint for divorce in the Circuit Court of Franklin County, Alabama on June 29, 1983, asking the court to dissolve the bonds of matrimony existing between him and his wife, Glenda Jo Lawrence. The complaint alleged that the parties had been married since January 7, 1965, and that one child, a daughter, sixteen, had been born of this marriage. The complaint further alleged that there existed a complete incompatibility of temperament between the parties, and that they could no longer live together.
The wife filed an answer and crossbill, seeking the custody and control of the mi *46 nor child of the parties, a property settlement, and child support and alimony.
The court held a temporary hearing on August 24, 1983 and testimony from that hearing was incorporated by agreement into the final hearing on September 21, 1983.
The wife testified that the parties were married in 1966. Further, wife testified that she and the daughter moved out of the house where she and her husband had lived on or around July 26, 1983.
The husband and wife both testified that their marriage relationship had deteriorated. The husband testified that he did not love his wife, and that for the nine months prior to the trial he had lived in one end of the house and she had lived in the other. Wife stated that they had not had physical relations with one another for some eight or nine months.
The court, after hearing the testimony, ordered the parties divorced. The court further ordered a division of the parties’ property. It was ordered that the custody and control of the minor child be awarded to the wife, and the husband was ordered to pay $55 per week as child support. Additionally, the husband was ordered to pay wife $50 per week as alimony. Husband appeals from this order of periodic alimony.
Husband contends that the trial court abused its discretion in awarding periodic alimony and, additionally, that the award of periodic alimony is excessive. We disagree. It is well settled that the trial court will not be reversed concerning an award of periodic alimony unless there is plain and palpable error. Jeffcoat v. Jeffcoat, 423 So.2d 888 (Ala.Civ.App.1982).
Moreover, in determining whether alimony is appropriate, the trial court should consider the earning capacity, age, health, and conduct of the parties, as well as the length of the marriage, the parties’ station in life, and whether there are children to support. Burson v. Burson, 363 So.2d 778 (Ala.Civ.App.1978). The award of periodic alimony is discretionary with the judge granting the divorce. § 30-2-51, Code 1975.
Husband and wife were married for about seventeen and one-half years. Prior to the divorce husband began seeing another woman which, according to him, “was the straw that broke the camel’s back” in regard to his relationship with his wife.
Moreover, there is conflict in the record as to exactly how much husband earned. He testified that his net income was $1,296 per month, whereas there was other evidence that his net monthly take-home pay was $1,494.52. Husband stated that his monthly expenses were $1,219.97, including the $55 per week child support.
The wife said her net monthly pay was $536, and that her monthly expenses necessitated a monthly supplement from her husband of $572.21 in order to support herself and her daughter.
Based on the above recited evidence and the other evidence in the record, we do not find that the trial court abused its discretion either in the award or the amount of periodic alimony. Lott v. Lott, 440 So.2d 1090 (Ala.Civ.App.1983).
Wife is awarded $400 as an attorney’s fee on appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.