PER CURIAM.
This is a divorce case.
After approximately six years of marriage, R.S.G. (husband) filed a complaint for a divorce from G.G. (wife), alleging incompatibility of temperament and requesting, among other things, a division of property, an order establishing custody and visitation regarding their minor child, child support, and attorney fees and costs. The wife answered and counterclaimed for a divorce, alleging incompatibility of temperament and requesting custody of the minor child, child support, alimony, a division of property, and attorney fees and costs.
Ore tenus proceedings were held in July 1994. Ultimately, the trial court divorced the parties, and, inter aha, it divided the marital property, awarded custody of the minor child to the wife, awarded the wife $1500 monthly child support and $1000 monthly periodic alimony, and ordered the husband to pay certain medical expenses for the child, COBRA insurance expenses for the wife, and the wife’s attorney fees. The trial court further ordered that “neither party to this action shall ever again remarry.” The wife’s post-judgment motion was denied, and she appeals. The husband cross-appeals.
The wife first contends that the trial court abused its discretion in ordering only $1000 monthly periodic alimony and by failing to order the husband to pay one-half of her medical expenses incurred after the expiration of her COBRA insurance eligibility. She argues that the evidence presented at trial justified a greater amount of support than was ordered.
A review of the record indicates that the wife was awarded, among other things, an IRA, a savings account, a substantial amount of cash and personal property, and a life insurance policy on the husband naming her as the sole and exclusive beneficiary. Furthermore, the husband was ordered to maintain medical insurance on the minor child, and he was ordered to pay “all reasonable non-covered medical, dental, ophthalmic, orthodontic, and psychological expenses ... not covered by said insurance.”
When evidence is presented ore tenus in a divorce case, the judgment of the trial court is presumed to be correct, and this court will not reverse, absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). The division of property and the award of periodic alimony pursuant to divorce are matters that rest soundly within the discretion of the trial court, and its judgment will not be disturbed on appeal absent an abuse of that discretion. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App.1992); Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Additionally, the issues of the property division and alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue. Montgomery, 519 So.2d 525. The extensive record in this case contains ample evidence supporting the trial court’s determination regarding alimony. We cannot hold that the trial court abused its discretion in ordering only $1000 per month in periodic alimony.
The wife also argues that the trial court abused its discretion by failing to order the husband to pay one-half of her non-covered medical expenses after the expiration of her COBRA insurance eligibility. The record discloses that the wife suffers from the Hepatitis-C virus, an incurable, non-fatal illness, which she contends prevents her from working on a full-time basis and requires a significant amount of expensive medical treatment. The wife testified that the symptoms of her illness include fatigue, weakness, nausea, cramps, and muscle aches. She testified that she is not currently taking the prescribed medication because, she said, she cannot afford it, and that she is waiting until after the divorce to undergo further *831 treatment. It is noteworthy that if the medical expenses become too burdensome, the wife may petition to increase the amount of her support, based upon a change in circumstances. See Laws v. Laws, 653 So.2d 293 (Ala.Civ.App.1994). Accordingly, we find that the trial court did not abuse its discretion in failing to order the husband to pay for the wife’s future, unspecified medical expenses.
The wife also argues that the trial court erred by prohibiting her from ever remarrying. She argues that Ala.Code 1975, § 30-2-8, the statute relied on by the trial court, is unconstitutionally vague and violates her due process rights. The record indicates that the wife gave proper notice to the attorney general, pursuant to Ala.Code 1975, § 6-6-227, and that he waived participation in this action. In pertinent part, Ala.Code 1975, § 30-2-8, states:
“In making his judgment, the judge shall, as the evidence and the nature of the case may warrant, direct whether the party against whom the judgment of divorce is made be permitted to marry again.... In eases where the right is affirmatively disallowed to the divorced party to remarry, it shall be competent for the judge, upon motion and proper proof, to allow the moving party to marry again, as justice may seem to require.”
The United States Supreme Court, in recognizing that marriage is a fundamental right, stated that “[t]he freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness.” Loving v. Virginia, 388 U.S. 1, 12, 87 S.Ct. 1817, 1824, 18 L.Ed.2d 1010 (1967). See also Zablocki v. Redhail, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). The Supreme Court held that state regulations that interfere with the fundamental right to remarry will be subject to strict scrutiny and will be upheld only if they are “supported by sufficiently important state interests and [are] closely tailored to effectuate only those interests.” Zablocki, 434 U.S. at 388, 98 S.Ct. at 682. We note, however, that it is not difficult to conceive of instances where sufficient important state interests exist where the exercise of a trial court’s discretionary authority to prohibit remarriage may be justified, such as mental incompetency. As Mr. Justice Powell noted in his special writing:
“The marriage relation traditionally has been subject to regulation, initially by the ecclesiastical authorities, and later by the secular state. As early as Pennoyer v. Neff, 95 U.S. 714, 734-735, 24 L.Ed. 565 (1878), this court noted that a State ‘has absolute right to prescribe the conditions upon which the marriage relation between its own citizens shall be created, and the causes for which it may be dissolved.’ The State, representing the collective expression of moral aspirations, has an undeniable interest in ensuring that its rules of domestic relations reflect the widely held values of its people.... State regulation has included bans on incest, bigamy, and homosexuality, as well as various preconditions to marriage, such as blood tests. Likewise, a showing of fault on the part of one of the partners traditionally has been a prerequisite to the dissolution of an unsuccessful union. A ‘compelling state purpose’ inquiry would east doubt on the network of restrictions that the States have fashioned to govern marriage and divorce.”
Zablocki, 434 U.S. at 398-99, 98 S.Ct. at 687-88.
Additionally, Ala.Code 1975, § 30-2-8, is distinguishable in that it allows a divorced party, who has been judicially prohibited from remarrying to petition the trial court and submit proof for leave to be allowed to marry again in the future. While no sufficiently important state interests are specifically stated within the statute, that fact, alone, does not require this court to conclude that the statute is overly broad. See Zablocki, 434 U.S. at 374, 98 S.Ct. at 674-75. The statute simply allows the trial court, on a case-by-case basis, in a divorce proceeding, the discretionary authority to prohibit a party from remarriage if that prohibition serves to effectuate a legitimate state interest, and is appropriate in light of the peculiar facts and circumstances of the case. Therefore, the statute, when narrowly applied, despite its imprecisions, is a permissible exercise of this State’s power to regu *832 late marriage and the family. The wife has not shown that, as applied to her, the statute is per se unconstitutional. Accordingly, we decline to proclaim the statute unconstitutional.
We are reluctant to declare it unconstitutional in the disposition of this case since we only need to consider the wife’s argument in terms of whether the trial court abused its discretion in prohibiting her future remarriage. We are mindful that the trial court in a divorce matter has broad discretionary power, and that when its judgment is based upon ore tenus evidence, a presumption of correctness attaches to the judgment on appeal. Rea v. Rea, 599 So.2d 1206 (Ala.Civ.App.1992).
After thoroughly and cautiously reviewing this entire record, this court is at a loss to ascertain what evidence the trial court relied upon to find “that there is ample evidence to substantiate” its order prohibiting remarriage. At one point in its order, the trial court expressly noted that “some of the complexity of the issues is related to the wife’s serious medical condition.... The husband’s paraphilia also constitutes a significant role in this complex case.” Our review of the record, however, fails to disclose evidence to justify ordering a prohibition against remarriage in this case. Neither the wife’s medical condition, nor the husband’s so-called “paraphilia” warrants the trial court’s prohibition against remarriage. In this case, the record is devoid of any evidence that would support a finding that some permissible State objective is reached by prohibiting either of these parties from ever remarrying. See Loving, 388 U.S. at 1, 87 S.Ct. at 1818; also Zablocki, 434 U.S. at 374, 98 S.Ct. at 674-75. We conclude, therefore, that the instant case does not present sufficient evidence justifying such a prohibition, and we must conclude that the trial court abused its discretion. Accordingly, although only the wife raises this issue on appeal, we reverse that portion of the trial court’s judgment prohibiting remarriage by either party.
The husband raises several issues in his cross-appeal, including a contention that the trial court erred in its property division and by awarding periodic alimony. While the wife’s medical condition may adversely affect her future ability to earn, the record discloses that the husband has a successful and stable professional career, and that his earnings have exceeded $200,000 annually in recent years. The record also indicates that the husband has substantial assets, including bank accounts and cash on hand, a profit-sharing account, stock, an IRA, and his business interest. The record contains evidence, including the husband’s own testimony, regarding his marital misconduct, and the trial court’s order expressly noted that “the husband was untruthful and unfaithful to the wife during the marriage.” The husband argues that the trial court placed undue emphasis on his misconduct.
It is well established that, when dividing marital property or making an alimony determination, the trial court may consider many factors, including the earning capacity of the parties, their future earning prospects and station in life, their ages and health, the duration of the marriage, the recipient spouse’s financial needs, the ability of the payor spouse to respond to those needs, and the conduct of the parties regarding the cause of the divorce. White v. White, 589 So.2d 740 (Ala.Civ.App.1991); Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986); Sheffield v. Sheffield, 485 So.2d 1177 (Ala.Civ.App.1986). The division is not required to be equal, but it must be equitable in light of the evidence, and the determination of what is equitable rests soundly within the discretion of the trial court. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App.1993). The husband fails to prove that the trial court abused its discretion in the division of property or in its award of alimony to the wife. Additionally, the husband’s argument that the trial court abused its discretion in failing to grant him a credit against his child support obligation for the amount of private school tuition paid annually is without merit. Likewise, the husband’s argument that the trial court erred in failing to suspend alimony or child support payments during the period of time that it takes the parties to sell the marital residence is without merit.
*833 For the foregoing reasons, the judgment of the trial court regarding the division of property, alimony, and child support is due to be affirmed; however, that portion of the judgment regarding the prohibition against remarriage is reversed, and the cause is remanded for the trial court to enter an order consistent with this opinion.
The wife’s request for an attorney fee is granted in the amount of $2,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., concurs in the result.
MONROE and CRAWLEY, JJ., concur in part and dissent in part.