L. CHARLES WRIGHT, Retired Appellate Judge.
The husband filed this action for an absolute divorce in April 1995, alleging incompati *1193 bility of temperament. The 'wife filed a counterclaim for legal separation, alleging adultery. Following oral proceedings, the Circuit Court of Coffee County entered an absolute divorce, dividing the parties’ property and awarding the wife periodic alimony. The wife appeals.
The record reflects that the parties were married in 1970. Two children were bom of the marriage. At the time of the divorce, the children had reached the age of majority.
From 1966 to 1986 the husband was a helicopter pilot with the U.S. Army. He retired with benefits in 1986. In 1988 he accepted a job as a pilot in Montgomery, Alabama. In 1991 he was transferred to Kalamazoo, Michigan. The wife remained in Coffee County. For all practical purposes the parties have been separated since 1988. During this period and until the final hearing, the husband paid to the wife approximately $1,000 per month in support. This included a $400 monthly mortgage on the marital home, $586 in monthly support, and an $89 per month premium payment for the Survivor Benefit Plan.
At the time of the hearing, the husband was 58 years old. He was employed in Michigan as a helicopter pilot with a hospital base air medical program, earning approximately $700 per week. His 1994 income equaled approximately $62,000. This sum included $1,500 per month in military retirement benefits.
The husband is in good health. He testified that since 1988, he has had periods of noncelibate companionship. At the time of the hearing, he was sharing a residence with one of his companions.
The wife is 50 years old, with an eleventh-grade education. For the majority of the marriage she did not work outside the home. She suffers from various physical and mental problems. She receives treatment for her maladies, primarily through the military’s medical program. The wife is totally disabled for Social Security purposes. She receives $154 per month in Social Security benefits and $150 per month in supplemental Social Security income.
The major asset of the marriage is the marital home. The husband estimated that the home was worth approximately $90,000, with approximately $50,000 in equity. The wife testified that the home was worth $60,-000. She stated that no repairs have been made to the home since 1988. She estimated that the home needed $20,000 in repairs.
The trial court awarded the husband an absolute divorce. The wife was awarded the use and occupancy of the marital home until the first of the following events: her remarriage, death, cohabitation, moving from the residence, or the sale of the home by joint consent of the parties. Upon the occurrence of one of the events, the home would be placed on the market, with the net proceeds from the sale to be equally divided between the parties. The wife was responsible for the mortgage payments, taxes, and insurance. If the wife became 60 days’ delinquent in the mortgage payments, the husband would have the option to take possession and sell the home, with the proceeds being used to satisfy the indebtedness. The remainder would be equally divided between the parties. The wife was ordered to be responsible for providing routine maintenance. Both parties would be responsible for reasonable and necessary repairs. Title to the home would remain in both parties.
The wife was awarded $685 per month in periodic alimony. The husband was ordered to elect Survivor Benefit Plan coverage for the wife. Each party was responsible for his or her attorney fees.
On appeal the wife asserts that the trial court erred in requiring her to make the mortgage payments without giving her clear title to the home, in denying her a division of the husband’s military retirement, in awarding to her only lJi of the survivor benefit plan, and in failing to award to her sufficient periodic alimony.
The award of alimony and the division of property are matters which are in the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). When a trial court is presented the evidence ore tenus, its judgment will be presumed correct if sup *1194 ported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). The trial court’s judgment, however, is subject to review and revision. Seamon v. Seaman, 587 So.2d 333 (Ala.Civ.App.1991). When making an award of alimony or a division of property, factors which the trial court should consider are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
We have carefully studied the record and the judgment. When considered with the 25-year marriage and the apparent medical problems of the wife, the award to the wife is clearly inadequate for her minimum needs and thus inequitable. The wife will lose the inestimable benefit of military medical and drug allowances which she has used extensively. She will lose her home, for she will not be able to pay the mortgage payments from the alimony and maintain a decent standard of living. The husband has recognized that fact by paying both the mortgage payment and support during the parties’ separation.
The award to the wife in the final judgment of divorce is considerably less than the husband has been providing on his own, especially when the loss of military benefits is considered.
The award of alimony is not only not enough when considered with the needs of the wife and the ability of the husband to pay, but the wife must pay income tax on the alimony payment and the husband may deduct it for tax purposes.
To be considered also is the fact that the wife has raised two children to adulthood during a 25-year marriage, with years of absence by the husband in military duty and separation from the husband while he enjoyed several relationships with other women. Surely, to remove security from the wife and reward the husband is neither equitable nor fair. This court cannot affirm such a judgment.
We reverse the portion of the judgment regarding alimony and property division and suggest that serious consideration should be given to a property division awarding the home to the wife and a division of the military pension between the husband and the wife.
The wife contends that the trial court erred in entering an absolute divorce rather than a legal separation.
The decision whether to enter an absolute divorce or a legal separation is a matter within the sound discretion of the trial court. Phillips v. Phillips, 666 So.2d 526 (Ala.Civ.App.1995). There is evidence in the record to support the trial court’s entry of an absolute divorce.
The judgment of the trial court as it relates to alimony and property division is reversed and remanded for further proceedings. The remainder of the judgment is affirmed.
The wife’s request for attorney fees is granted in the amount of $2,000.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J, and YATES, MONROE, and CRAWLEY, JJ., concur.