HOLMES, Retired Appellate Judge.
This is a divorce case.
The parties married in December 1975 and separated in November 1996, after the husband left the marital home. In August 1997 the wife filed a complaint for divorce, alleging adultery and incompatibility. On May 21, 1998, following an ore tenus hearing, the trial court divorced the parties, divided their marital assets, and awarded the wife periodic alimony.
The wife appeals. The dispositive issue on appeal is whether the trial court abused its discretion in failing to award the wife a portion of the husband’s retirement benefits to effect an equitable property division.
At the outset, we note that when a divorce case has been presented to the trial court ore tenus, the judgment of the trial court is presumed correct, and it will not be reversed except for a palpable abuse of discretion. Miller v. Miller, 695 So.2d 1192 (Ala.Civ.App.1997). “The trial court’s judgment, however, is subject to review and revision.” Id. at 1194.
It is well settled that a division of property need not be equal, only equitable. Nelson v. Nelson, 628 So.2d 798 (Ala.Civ.App.1993). In Welch v. Welch, 708 So.2d 179, 180 (Ala.Civ.App.1997), this court stated the following:
“This court has held that funds paid into a retirement fund are an asset that may be considered by the court in effecting an equitable property division or an award of alimony in gross. Powell v. Powell, 628 So.2d 832 (Ala.Civ.App.1993). In dividing marital property, the trial court should consider the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the conduct of the parties. Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App.1992).”
Our review of the record reveals the following: The parties were married for 21 years. Two children were born of the mar *714 riage. The wife also has two children from a previous marriage, which the husband adopted. The youngest child, who was seventeen years of age at the time of the hearing, now resides with the husband.
At the time of the hearing, the husband and the wife were 50 and 54 years of age, respectively. The wife suffers from various mental and physical problems, for which she takes at least seven different medications. She has epilepsy; a hearing disorder, which requires her to wear hearing aids in both ears; bipolar disorder; attention deficit disorder; high blood pressure; insomnia; depression; and allergies. The wife testified that she has had seizures since birth and that she experiences petit mal seizures at least once a day, which impair her ability to drive an automobile. The wife has, on occasion, also experienced grand mal seizures.
During the marriage, the parties moved at least seven times due to the husband’s employment. The wife has not been employed since 1989, and she has no retirement plan. The evidence suggests that at age sixty-six, she will receive $350 per month Social Security benefits. In 1996, the wife did obtain an associate degree in photography and film communication. After the parties separated, however, the wife sought employment, but she was unemployed at the time of the hearing. The husband supported the wife during the separation.
The husband is employed with Stone and Webster Construction Company. His gross monthly income is approximately $6,558. This amount does not include overtime. The husband has a 401 (k) plan with his employer, plus additional retirement accounts, all of which were accumulated during the course of the marriage.
The major assets of the marriage include the marital home, worth approximately $103,-900, with approximately $11,000 in equity; seven acres of unimproved property, which is unencumbered and worth approximately $35,000; and the husband’s 401(k) plan, which is valued at $110,982.82. The wife testified that she contributed $18,000 toward the purchase of the unimproved property from monies she received as an inheritance.
After hearing this evidence, the trial court, among other things, awarded the husband the unimproved property worth $35,000 and all of his retirement accounts, which include the following:
“h. Stone and Webster 401(k) account, in which the [husband] is currently vested, in its entirety, in the approximate sum of $110,982.82;
“i. Stone and Webster vested retirement benefit in the approximate sum of $5,759.45 per year upon the [husband’s] reaching age sixty-five, in its entirety;
“j. I.B.E.W. Local 995 retirement benefit in the approximate sum of $804 per month at the time that the [husband] reaches age sixty-five, in its entirety;
“k. I.B.E.W. Local 480 retirement benefit, in its entirety, in the approximate sum of $400.”
The trial court, among other things, awarded the wife the marital residence, subject to the mortgage in the approximate sum of $92,588.97. The trial court also awarded her $2,000 per month periodic alimony. We find it interesting to note that, despite the wife’s health problems, the trial court apparently placed pressure on her to embark on a new career, which more than likely will not meet her financial needs:
“Hopefully, Mrs. Higgins will improve in her health and find the ability to maintain some part-time employment or some type of employment that you can work in the home at your leisure and when you are capable. I certainly expect you to, and I don’t want you to leave here thinking that this $2,000 a month will be with you forever. It is not likely that it will be_ I don’t want to scare you and I don’t want to threaten you. I just want to be realistic about it and I ... expect [you] to get out and find something that you can do. You are an articulate and intelligent woman, and I think in spite of your health problems, there is something you can find to do and contribute to your own support and income and I wish you well in that endeav- or.”
Despite the fact that the wife is intelligent and articulate, she is 54 years of age, suffers from various physical and mental problems, *715 and has not been in the work force since 1989. Clearly, these factors will diminish her ability to obtain meaningful employment that will provide her with the financial security to which she has become accustomed during the marriage. Furthermore, it is unlikely that the wife will find employment that will provide her with the financial security that she needs and deserves at retirement.
Suffice it to say, we conclude that, under the circumstances, the trial court’s division of marital property in the instant case was inequitable, based on the 21-year marriage, the fact that the wife has raised four children, has moved at least seven different times during the marriage due to the husband’s employment, has not been employed since 1989, has no retirement plan of her own, and has significant health problems.
To be considered also is the fact that the award of $2,000 per month as periodic alimony will not meet the wife’s present living expenses, which total $2,139 per month. This is true because the wife must pay income tax on the alimony payments, while the husband may deduct them for tax purposes. Furthermore, the wife’s budget makes no provision for investments for savings and/or retirement.
Based on the foregoing, we reverse that portion of the judgment regarding the property division and order the trial court to consider a division of the husband’s retirement benefits in order to effect an equitable division of the marital assets. Miller, 695 So.2d 1192.
Consequently, the judgment of the trial court is reversed and the cause remanded for proceedings not inconsistent with this opinion.
The wife’s request for an attorney fee on appeal in the amount of $4,439 is denied, and a fee of $1,000 is awarded.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.