MOORE, Judge,
concurring specially.
In her third appeal to this court, Cheri Denise Spuhl (“the wife”) argues that the Madison Circuit Court (“the trial court”) erred (1) by using the wrong legal standard to determine the amount of periodic alimony to be paid to her by Robert Spuhl (“the husband”) and (2) by awarding her insufficient periodic alimony. I conclude that the wife has failed to demonstrate legal error as to either argument.
The trial court did not use an incorrect legal standard to determine the amount of periodic alimony it awarded to the wife. Recently, this court set out the standard to be used by trial courts in awarding periodic alimony:
“Under Alabama law, periodic alimony consists of regular installment payments made from one spouse to another to enable the recipient spouse, to the extent possible, to maintain his or her standard of living as it existed during the marriage, i.e., the ‘economic status quo.’ Orr v. Orr, 374 So.2d 895, 897 (Ala.Civ.App.1979)....
“... This court and our supreme court have enumerated the many factors trial courts must consider when weighing the propriety of an award of periodic alimony, Edwards v. Edwards, 26 So.3d 1254, 1259 (Ala.Civ.App.2009), which include: the length of the marriage, Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ. App.2009); the standard of living to which the parties became accustomed during the marriage, Washington v. Washington, 24 So.3d 1126, 1135-36 (Ala.Civ.App.2009); the relative fault of the parties for the breakdown of the marriage, Lackey v. Lackey, 18 So.3d 393, 401 (Ala.Civ.App.2009); the age and health of the parties, Ex parte Elliott, 782 So.2d 308, 311 (Ala.2000); and the future employment prospects of the parties, Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003). In weighing those factors, a trial court essentially determines whether the petitioning spouse has demonstrated a need for continuing monetary support to sustain the former, marital standard of living that the responding spouse can and, under the circumstances, should meet. See Gates v. Gates, 830 So.2d 746, 749-50 (Ala.Civ.App.2002); Hewitt v. Hewitt, 637 So.2d 1382, 1384 (Ala.Civ.App.1994) (‘The failure to award alimony, although discretionary, is arbitrary and capricious when the needs of the wife are shown to merit an award and the husband has the ability to pay.’).
“A petitioning spouse proves a need for periodic alimony by showing that without such financial support he or she will be unable to maintain the parties’ former marital lifestyle. See Pickett v. Pickett, 723 So.2d 71, 74 (Ala.Civ.App. 1998) (Thompson, J., with one judge concurring and two judges concurring in the result). As a necessary condition to an award of periodic alimony, a petitioning spouse should first establish the standard and mode of living of the parties during the marriage and the nature of the financial costs to the parties of maintaining that station in life. See, e.g., Miller v. Miller, 695 So.2d 1192, 1194 (Ala.Civ.App.1997); and Austin v. Austin, 678 So.2d 1129, 1131 (Ala.Civ. App.1996). The petitioning spouse should then establish his or her inability to achieve that same standard of living through the use of his or her own individual assets, including his or her own separate estate, the marital property received as part of any settlement or property division, and his or her own wage-earning capacity, see Miller v. Miller, supra, with the last factor taking into account the age, health, education, and work experience of the petitioning *403 spouse as well as prevailing economic conditions, see DeShazo v. DeShazo, 582 So.2d 564, 565 (Ala.Civ.App.1991), and any rehabilitative alimony or other benefits that will assist the petitioning spouse in obtaining and maintaining gainful employment. See Treusdell v. Treusdell, 671 So.2d 699, 704 (Ala.Civ.App.1995). If the use of his or her assets and wage-earning capacity allows the petitioning spouse to routinely meet only part of the financial costs associated with maintaining the parties’ former marital standard of living, the petitioning spouse has proven a need for additional support and maintenance that is measured by that shortfall. See Scott v. Scott, 460 So.2d 1331,1332 (Ala.Civ.App.1984).
“Once the financial need of the petitioning spouse is established, the trial court should consider the ability of the responding spouse to meet that need. See Herboso v. Herboso, 881 So.2d 454, 458 (Ala.Civ.App.2003). The ability to pay may be proven by showing that the responding spouse has a sufficient separate estate, following the division of the marital property, see § 30-2-51 (a), Ala. Code 1975, and/or sufficient earning capacity to consistently provide the petitioning spouse with the necessary funds to enable him or her to maintain the parties’ former marital standard of living. Herboso, supra. In considering the responding spouse’s ability to pay, the trial court should take into account all the financial obligations of the responding spouse, including those obligations created by the divorce judgment. See O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996). The trial court should also consider the impact an award of periodic alimony will have on the financial condition of the responding spouse and his or her ability to maintain the parties’ former marital lifestyle for himself or herself. Id. A responding spouse obviously has the ability to pay if the responding spouse can satisfy the entirety of the petitioning spouse’s needs without any undue economic hardship. See, e.g., MacKenzie v. Mac-Kenzie, 486 So.2d 1289, 1292 (Ala.Civ. App.1986). In most cases, however, simply due to the fact that, after separation, former spouses rarely can live as well and as cheaply as they did together, Gates, 830 So.2d at 750, a trial court will find that the responding spouse cannot fully meet the financial needs of the petitioning spouse. Walls v. Walls, 860 So.2d 352, 358 (Ala.Civ.App.2003). In those cases, the trial court should endeavor to determine the amount the responding spouse can fairly pay on a consistent basis. See Rubert v. Rubert, 709 So.2d 1283, 1285 (Ala.Civ.App.1998).
“After being satisfied that the petitioning spouse has a need for periodic alimony and that the responding spouse has some ability to meet that need, the trial court should consider the equities of the case. The length of the marriage does not determine the right to, or amount of, periodic alimony. Hatley v. Hatley, 51 So.3d 1031, 1035 (Ala.Civ. App.2010). However, the longer the parties have maintained certain living and financial arrangements, the more fair it will seem that those arrangements should be maintained beyond the divorce to the extent possible. See Edwards v. Edwards, 410 So.2d 91, 93 (Ala.Civ.App. 1982). The trial court should also give due regard to the history of the marriage and the various economic and non-economic contributions and sacrifices made by the parties during the marriage. See Hanna v. Hanna, 688 So.2d 887, 891 (Ala.Civ.App.1997). In light of those factors, the trial court should endeavor to avoid leaving the parties in an unconscionably disparate financial posi *404 tion. Jones v. Jones, 596 So.2d 949, 952 (Ala.Civ.App.1992). However, the trial court can consider whether the marriage, and its attendant standard of living, ended due to the greater fault of one of the parties, and, if so, the trial court can adjust the award accordingly. Yohey v. Yohey, 890 So.2d 160, 164-65 (Ala.Civ.App.2004). Lastly, the trial court should consider any and all other circumstances bearing on the fairness of its decision. See Ashbee v. Ashbee, 431 So.2d 1312, 1313-14 (Ala.Civ.App.1983).”
Shewbart v. Shewbart, 64 So.3d 1080, 1087-89 (Ala.Civ.App.2010).
In its first order entered on second remand, the trial court explicitly set out the manner in which it determined the amount of periodic alimony it awarded to the wife by stating that it
“had to determine the Wife’s reasonable and necessary monthly expenses, and, therefore, her need for support for herself from the Husband; her own ability to earn income with which to meet, at least partially, those reasonable and necessary monthly expenses; and the ability of the Husband to contribute to her support, taking into consideration the other significant financial obligations imposed on him in the Final Decree, as well as his own reasonable and necessary monthly expenses, in setting the amount of periodic alimony to be paid to her by the Husband.”
The trial court repeatedly reiterated that formula during the hearing on second remand. I find nothing in the language used by the trial court that violates Alabama law.
Pursuant to Shewbart, in awarding periodic alimony, a trial court may award only monetary support that is reasonably related to, and necessary for, maintaining the former marital standard of living. The trial court must also consider the ability of the responding spouse to pay periodic alimony based, in part, on the reasonable costs the responding spouse needs to expend in order to maintain the former marital standard of living for himself or herself. Nothing in the language used by the trial court indicates that it used the terms “reasonable and necessary monthly expenses” in some other more limited context, as the wife contends. More specifically, the wife has not demonstrated that the trial court considered only the basic necessities of life, such as food and rent, when determining the “reasonable and necessary monthly expenses” upon which the award of periodic alimony could be based. Rather, the judgment reflects that the trial court properly applied the correct standard from Shewbart by considering the reasonable amount of support the wife would need in order to meet the monthly expenses associated with maintaining the former marital standard of living as nearly as possible.
The trial court also did not commit legal error in awarding the wife $1,600 in periodic alimony.
“The determination of whether the petitioning spouse has a need for periodic alimony, of whether the responding spouse has the ability to pay periodic alimony, and of whether equitable principles require adjustments to periodic alimony are all questions of fact for the trial court, Lawrence v. Lawrence, 455 So.2d 45, 46 (Ala.Civ.App.1984), with the last issue lying particularly within the discretion of the trial court. See Nolen v. Nolen, 398 So.2d 712, 713-14 (Ala.Civ. App.1981). On appeal from ore tenus proceedings, this court presumes that the trial court properly found the facts necessary to support its judgment and prudently exercised its discretion. G.G. v. R.S.G., 668 So.2d 828, 830 (Ala.Civ. App.1995). That presumption may be overcome by a showing from the appel *405 lant that substantial evidence does not support those findings of fact, see § 12-21-12(a), Ala.Code 1975, or that the trial court otherwise acted arbitrarily, unjustly, or in contravention of the law. Dees v. Dees, 390 So.2d 1060, 1064 (Ala.Civ. App.1980).”
Shewbart, 64 So.3d at 1089. Those principles of appellate review require affirmance of the award in this case. The trial court reasonably could have concluded, under the evidence presented and the equities of the case, that the husband should pay the wife no more than $1,600 a month in periodic alimony.
The wife introduced an exhibit in which she claimed that she would incur $5,000 per month in expenses; however, the trial court expressly concluded that the wife had inflated her budget and that her needs were actually less than as set out in her exhibit. Nothing in the record indicates that the trial court exceeded its discretion in making that determination. Hence, this court cannot assume that the wife needs $5,000 per month in order to maintain the former marital standard of living. The wife has also failed to show that the trial court committed error by adjusting her periodic alimony downward from $2,250 to $1,600 per month following its decision to award her a portion of the husband’s military-retirement benefits as a property settlement. This court’s holding in Shewbart specifically provides that, when determining periodic alimony, a trial court must consider the impact of any property settlement on the ability of the petitioning spouse to meet his or her financial need. 64 So.3d at 1088. The trial court followed the law when it reduced the periodic-alimony award to account for the property settlement it awarded to the wife. The trial court could have determined that the periodic-alimony award should remain the same as before, but it certainly did not exceed its discretion in concluding otherwise.
The wife pointedly argues that the trial court should have found the facts differently in order to increase the periodic-alimony award. The evidence was in much dispute as to the cause of the breakdown of the marriage and other equitable factors affecting the periodic-alimony award. As the main opinion correctly notes, this court cannot reweigh the evidence to overrule the trial court’s determination of the facts. 144 So.3d at 401. Therefore, I concur that the judgment should be affirmed.