Rel: December 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

———————————————

### CL-2024-0004

———————————————

**Larry Shearry**

**v.**

**Christy Spivey, as personal representative of the Estate of Charlotte Shearry**

**Appeal from Jefferson Circuit Court
(DR-18-901240)**

MOORE, Presiding Judge.

Larry Shearry ("the husband") appeals from a judgment entered by

the Jefferson Circuit Court ("the trial court") that, among other things,

divorced him from Charlotte Shearry ("the wife"). We affirm the divorce judgment in part, reverse it in part, and remand the case with instructions.

Procedural History

On September 6, 2018, the wife filed in the trial court a complaint against the husband seeking a legal separation. On November 25, 2018, the husband filed an answer to the wife's complaint; he also filed a counterclaim seeking a divorce. On March 6, 2019, the trial court entered a pendente lite order based on an agreement of the parties that, in pertinent part, awarded the wife $3,000 per month in interim spousal support and restrained the parties from withdrawing "retirement 401(k) monies other than for normal living expenses, except for compliance with [the] agreement."

The trial court conducted a bench trial on July 24, 2023, and, on September 6, 2023, the trial court entered a final judgment of divorce. On October 4, 2023, the husband filed a postjudgment motion. Following a hearing, the trial court entered an order on December 29, 2023, granting the husband's postjudgment motion in part and amending the divorce judgment.

The divorce judgment, as amended, divided the parties' real and personal property, including awarding the wife $57,500 as her share of the husband's Accenture 401(k) retirement account, and awarded the wife periodic alimony of $1,400 per month. The trial court also found the husband in civil and criminal contempt of the pendente lite order for refusing to pay the wife interim spousal support for 24 months. The trial court entered a judgment on the spousal-support arrearage in the amount of $72,000 plus interest of $5,175.[1] Additionally, the divorce judgment required the husband to "sign any and all necessary documents for the [wife] to obtain COBRA insurance coverage" and to pay the wife's attorney's fees of $39,875. The husband filed a timely notice of appeal to this court.

On April 16, 2024, this court was notified that the wife had died. On May 23, 2024, Christy Spivey, the personal representative of the wife's estate, filed a motion to be substituted, in her representative capacity, for the wife. We grant that motion. See Rule 43, Ala. R. App.

---

[1]The contempt order set purge conditions which had not been satisfied, but those conditions did not affect the finality of the judgment. See McCarron v. McCarron, 171 So. 3d 22 (Ala. Civ. App. 2015).

P. ("When the death of a party has been suggested, the proceeding shall not abate, but shall continue or be disposed of as the appellate court may direct.").

## Issues

On appeal, the husband argues that the trial court erred in its division of the marital property, in its award of periodic alimony to the wife, in finding him in contempt, in ordering him to pay to the wife attorney's fees, and in ordering him to execute documents necessary for the wife to obtain COBRA insurance coverage.

## Standard of Review

"'"'[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.'"' Water Works & Sanitary Sewer Bd. v. Parks, 977 So. 2d 440, 443 (Ala. 2007) (quoting Fadalla v. Fadalla, 929 So. 2d 429, 433 (Ala. 2005), quoting in turn Philpot v. State, 843 So. 2d 122, 125 (Ala. 2002)). '"The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment."' Waltman v. Rowell, 913 So. 2d 1083, 1086 (Ala. 2005) (quoting Dennis v. Dobbs, 474 So. 2d 77, 79 (Ala. 1985)). 'Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge's conclusions of law or the incorrect application of law to the facts.' Waltman v. Rowell, 913 So. 2d at 1086."

4

CL-2024-0004

Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So. 2d 924, 929 (Ala. 2007). Legal conclusions, however, are subject to de novo review. Walker v. Walker, 144 So. 3d 359, 364 (Ala. Civ. App. 2013).

Analysis

The husband first argues that the trial court erred with respect to the division of the marital property and its award of periodic alimony to the wife. It is well settled that

> "'[m]atters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So. 2d 1064 (Ala. Civ. App. 1995). Furthermore, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Golden v. Golden, 681 So. 2d 605 (Ala. Civ. App. 1996). In addition, the trial court can consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility. Ex parte Drummond, 785 So. 2d 358 (Ala. 2000). Moreover, in Kluever v. Kluever, 656 So. 2d 887 (Ala. Civ. App. 1995), this court stated, "[a]lthough this court is not permitted to substitute its judgment for that of the trial court, this court is permitted to review and revise the trial court's judgment upon an abuse of discretion." Id. at 889.'

5

"Langley v. Langley, 895 So. 2d 971, 973 (Ala. Civ. App. 2003). 'Trial judges enjoy broad discretion in divorce cases, and their decisions are to be overturned on appeal only when they are "unsupported by the evidence or [are] otherwise palpably wrong."' Ex parte Bland, 796 So. 2d 340, 344 (Ala. 2000) (quoting Ex parte Jackson, 567 So. 2d 867, 868 (Ala. 1990))."

Cottom v. Cottom, 275 So. 3d 1158, 1163 (Ala. Civ. App. 2018).

We first address the husband's argument that the trial court erred in awarding the wife periodic alimony. Initially, we note that

"because the husband's periodic-alimony obligation was extinguished at the time of the wife's death, the arguments the husband raises in his brief to this court on the issue of periodic alimony with regard to any time after the wife's death are moot."

J.S. v. S.S., 281 So. 3d 409, 412 (Ala. Civ. App. 2018). Thus, we consider only whether the trial court erred in awarding the wife periodic alimony of $1,400 per month from the time of the entry of the amended divorce judgment to the time of her death.

This court has previously held that,

"'"[a]s a necessary condition to an award of periodic alimony, a petitioning spouse should first establish the standard and mode of living of the parties during the marriage and the nature of the financial costs to the parties of maintaining that station in life. See, e.g., Miller v. Miller, 695 So. 2d 1192, 1194 (Ala. Civ. App. 1997); and Austin v. Austin, 678 So. 2d 1129, 1131 (Ala. Civ. App. 1996). The petitioning spouse should then

6

> establish his or her inability to achieve that same standard of living through the use of his or her own individual assets, including his or her own separate estate, the marital property received as part of any settlement or property division, and his or her own wage-earning capacity, see <u>Miller v. Miller</u>, <u>supra</u>, with the last factor taking into account the age, health, education, and work experience of the petitioning spouse as well as prevailing economic conditions, see <u>DeShazo v. DeShazo</u>, 582 So. 2d 564, 565 (Ala. Civ. App. 1991), and any rehabilitative alimony or other benefits that will assist the petitioning spouse in obtaining and maintaining gainful employment. <u>See</u> <u>Treusdell v. Treusdell</u>, 671 So. 2d 699, 704 (Ala. Civ. App. 1995)."'"

<u>Turney v. Turney</u>, 381 So. 3d 429, 447 (Ala. Civ. App. 2022) (quoting <u>Rodgers v. Rodgers</u>, 231 So. 3d 1090, 1093-95 (Ala. Civ. App. 2010), quoting in turn <u>Shewbart v. Shewbart</u>, 64 So. 3d 1080, 1087-89 (Ala. Civ. App. 2010)).

In lieu of a transcript, the husband submitted a statement of the evidence or proceedings. <u>See</u> Rule 10(d), Ala. R. App. P. The husband also submitted the exhibits admitted at trial; however, some of those exhibits went missing. The parties stipulated to the contents of "Plaintiff's Exhibit 23"; that stipulation sets forth the wife's monthly expenses. <u>See</u> Rule 10(f), Ala. R. App. P.

Our review of the statement of the evidence and the stipulation shows that the wife's monthly expenses totaled $3,917.73, which included

$1,500 as rent. The wife had undergone open-heart surgery in 1977, had had a stroke, and had had a plastic heart valve surgically implanted. At the time of trial, she was in congestive heart failure and would become easily exhausted because of her condition. The wife, at the time of trial, was receiving $1,700 per month in Social Security disability benefits and $925 in retirement benefits from the State of Alabama. Based on her income and expenses, the wife established her need for $1,292.33 in spousal support per month.

Section 30-2-57(e), Ala. Code 1975, provides, in pertinent part:

"In determining whether the other party has the ability to pay alimony, the court shall consider any and all evidence, including all of the following:

"(1) His or her own individual assets, except those assets protected from use for the payment of alimony by federal law.

"(2) The marital property received by or awarded to him or her.

"(3) His or her liabilities following the distribution of marital property.

"(4) His or her net income.

"(5) His or her wage-earning ability, considering his or her age, health, education,

professional licensing, work history, family commitments, and prevailing economic conditions.

"....

"(7) Any other factor the court deems equitable under the circumstances of the case."

The husband's monthly living expenses totaled $2,722. He has a myriad of medical conditions, including having had a stroke and declining eyesight. The husband is retired and receives $2,779 per month in Social Security benefits. In the divorce judgment, as amended, the wife was awarded the former marital residence along with all equity in the residence. Evidence established that there was no debt on the residence. In the amended divorce judgment, the trial court ordered the husband to pay to the wife, within 60 days of the entry of the amended judgment, $72,000 in interim spousal-support arrears and $5,175 in interest on the spousal-support arrearage; the husband was also ordered to pay, within 90 days of the entry of the amended judgment, $39,875 in attorney fees, in addition to commencing the payment of his $1,400 monthly periodic-alimony obligation.

It is well established that the source of payment of periodic alimony is the current earnings of the payor spouse. Lacy v. Lacy, 126 So. 3d

9

1029, 1032 (Ala. Civ. App. 2013) ("'Periodic alimony' ... "is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [payor spouse]."'" (quoting TenEyck v. TenEyck, 885 So. 2d 146, 152 (Ala. Civ. App. 2003), quoting in turn Hager v. Hager, 293 Ala. 47, 299 So. 2d 743 (1974))). Under the terms of the divorce judgment, as amended, the husband will be unable to pay the monthly periodic-alimony obligation of $1,400 and meet his own living expenses as well as the amounts ordered in the amended divorce judgment. We, therefore, conclude that the trial court's periodic-alimony award exceeded the trial court's discretion. Accordingly, we reverse the amended divorce judgment insofar as it awards the wife $1,400 per month in periodic alimony and remand this case to the trial court for reconsideration of the periodic-alimony award in light of this opinion.

Because the issues of property division and alimony are interrelated and must be considered together on appeal, see Cottom, supra, we also reverse the property division so that the trial court can consider the property division and the alimony award together. See Hill v. Lyons, 550 So. 2d 1004, 1006 (Ala. Civ. App. 1989) (holding that death of spouse does not cause abatement of divorce action "when the decree

10

affects property rights, and matters touching the parties' property rights under the divorce decree are amenable to alteration or modification upon timely motion, or upon appeal"). Because of our reversal of the property-division and periodic-alimony awards, we also pretermit discussion of the husband's contention that the trial court exceeded its discretion in awarding the wife attorney's fees in the amount of $39,875, and we remand the attorney-fee award to the trial court for reconsideration. See Friend v. Friend, 385 So. 3d 53, 57-58 (Ala. Civ. App. 2023).

Next, the husband argues that the trial court erred by finding him in contempt for failing to pay the wife $3,000 per month in interim spousal support. In his brief to this court, the husband does not dispute the trial court's finding that he had "failed to pay to the [wife] $3,000 per month as agreed upon and reduced to an order for the months of September 2021 to August of 2023 for a total of 24 months, [principal of] $72,000.00 plus interest of $5,175.00." Instead, he argues that the pendente lite order was ambiguous, that the pendente lite order "should be treated as void as [the trial court's] authority is limited to entering an order of periodic alimony only from the current earnings of the [h]usband," or, alternatively, that he did not have the ability to pay.

11

We cannot consider the argument relating to the alleged ambiguity of the pendente lite order.

> "'Ordinarily, on appeal from a final judgment of divorce, this court cannot review the merits of a pendente lite order. As we explained in <u>Morgan v. Morgan</u>, 183 So. 3d 945, 966 (Ala. Civ. App. 2014):
>
>> "'"A pendente lite order is replaced by the entry of a final judgment. <u>Reid v. Reid</u>, 897 So. 2d 349, 355 (Ala. Civ. App. 2004) ('A pendente lite order is one entered during the pendency of litigation, and such an order is generally replaced by a final judgment.'). Thus, a pendente lite order is not made final by the entry of a final judgment such that it may be appealed as a part of the final judgment. Rather, the review of a pendente lite support order 'is by way of mandamus, inasmuch as it is not a final [judgment].' <u>Sizemore v. Sizemore</u>, 423 So. 2d 239, 241 (Ala. Civ. App. 1982). <u>See also</u> <u>Ashbee v. Ashbee</u>, 431 So. 2d 1312, 1313 (Ala. Civ. App. 1983) ('As to the wife's claim that alimony pendente lite should have been awarded, we note that the proper method of seeking appellate review of such an action on the part of the trial court is through a petition for a writ of mandamus .... Since this issue has been raised improperly, we are unable to consider it [in an appeal of a final divorce judgment].') (citing <u>Sizemore v. Sizemore</u>, supra). Accordingly, the husband may not raise issues pertaining to the propriety of the ... pendente lite support order in th[e] appeal of the final divorce judgment."'"

Bedard v. Bedard, 266 So. 3d 1113, 1120-21 (Ala Civ. App. 2008) (quoting Person v. Person, 236 So. 3d 90, 95 (Ala. Civ. App. 2017)).

In Person, this court held that it could consider whether a pendente lite order requiring interim spousal support was void insofar as the final divorce judgment awarded an arrearage based on the pendente lite order. In this case, the husband contends that the pendente lite order was void because it erroneously required him to pay interim spousal support from his retirement account; however, that error, if it was error, would only render the pendente lite order voidable, not void. See Bowen v. Bowen, 28 So. 3d 9, 15 (Ala. Civ. App. 2009) ("Errors in the application of the law by the trial court do not render a judgment void."). Hence, this court also cannot consider that argument.

The husband maintains that he did not have the ability to pay from his current income the interim spousal support at any time because, he says, he has had no income since 2010. We note, however, that the pendente lite order was based on an agreement of the parties.

> "The law is well settled that a party may not induce an error by the trial court and then attempt to win a reversal based on that error. 'A party may not predicate an argument for reversal on "invited error," that is, "error into which he has led or lulled the trial court."' Atkins v. Lee, 603 So. 2d 937,

945 (Ala. 1992) (quoting <u>Dixie Highway Express, Inc. v. Southern Ry.</u>, 286 Ala. 646, 651, 244 So. 2d 591, 595 (1971)). 'That doctrine [of invited error] provides that a party may not complain of error into which he has led the court.' <u>Ex parte King</u>, 643 So. 2d 1364, 1366 (Ala. 1993). 'A party cannot win a reversal on an error that party has invited the trial court to commit.' <u>Neal v. Neal</u>, 856 So. 2d 766, 784 (Ala. 2002). See also <u>Liberty Nat'l Life Ins. Co. v. Beasley</u>, 466 So. 2d 935, 937 (Ala. 1985); <u>State Farm Mut. Auto. Ins. Co. v. Humphres</u>, 293 Ala. 413, 418, 304 So. 2d 573, 577 (1974)."

<u>Mobile Infirmary Med. Ctr. v. Hodgen</u>, 884 So. 2d 801, 808 (Ala. 2003).

Furthermore, in his brief to this court, the husband acknowledges that the pendente lite order required him to pay the interim spousal support from the 401(k) account. In its approved statement of the evidence, the trial court found that the husband had testified that he had withdrawn sums of money from the 401(k) prior to the entry of the pendente lite order; that the husband admitted to having taken $56,000 from the account immediately after separating from the wife; that the husband's monthly living expenses totaled $2,722 and he began receiving $2,779 per month in Social Security benefits in 2021; that the husband admitted that he had taken over $102,000 from the 401(k) account by December 2020; that the husband had used significant funds from the account to pay his attorneys almost $17,000, in direct violation of the

14

agreement of the parties and the pendente lite order; that the husband had had almost $9,000 in his bank account in July 2021 but had refused to pay the wife spousal support; and that the wife had testified that, from May 3, 2019, to June 12, 2020, over $100,000 had disappeared from the 401(k) account and that, during that period, if the husband had paid her what she had been owed under the pendente lite order, she should have received only $39,000 in spousal-support payments. That evidence could have clearly convinced the trial court that the husband had the ability to pay the interim spousal support from the 401(k) account but that he had intentionally depleted the 401(k) account or had otherwise purposefully withdrawn large amounts from that account in violation of the terms of the pendente lite order. Accordingly, we affirm that portion of the divorce judgment finding the husband in contempt of court.

The husband next asserts that the trial court erred in directing him to sign all necessary documents for the wife to obtain COBRA insurance coverage. Because the wife has died, that issue is moot. The trial court could only enforce the health-insurance provision of the divorce judgment for the brief period that the wife lived after entry of the divorce judgment. There being no indication of any justiciable controversy over this issue,

we pretermit any discussion of whether the trial court erred. <u>See</u> <u>Ex parte Riley</u>, 10 So. 3d 585, 589 (Ala. Civ. App. 2008).

<u>Conclusion</u>

For the foregoing reasons, we affirm the divorce judgment, as amended, insofar as it found the husband in contempt of court. We reverse the divorce judgment, as amended, to the extent that it divided the marital property, awarded the wife periodic alimony, and awarded the wife attorney's fees, and we remand the case to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.