238 So.2d 186

**Esau NICHOLS**

v.

**Beverly Anderson NICHOLS.**

**5 Div. 9.**

Court of Civil Appeals of Alabama.

April 22, 1970.

Rehearing Denied May 13, 1970.

Gray, Seay & Langford, Tuskegee, for appellee.

Russell, Raymon & Russell, Tuskegee, for appellant.

**69**

**THAGARD, Presiding Judge.**

This appeal involves a divorce proceeding between the appellant and appellee.

Appellant, Esau Nichols, filed a bill of complaint in the Macon County Circuit Court, in Equity, on May 16, 1967, seeking a divorce from appellee on the grounds of abandonment.

On December 28, 1967, appellee filed her answer and a cross-bill and prayed that the court order the register to hold a reference to determine what should be allowed her as alimony, child support and solicitor's fees, pending a final hearing in the case.

On December 29, 1967, the trial judge, without ordering the reference to be held or taking any testimony, entered a decree ordering the appellant to pay appellee $150.00 a month, beginning January 5, 1968, as temporary alimony and child support payments, and assessing the cost against appellee.

On May 8, 1968, appellant filed a motion to set aside decree awarding support and alimony pendente lite on the grounds that said decree was null and void, that no reference was held pursuant to the prayer of appellant's answer and cross-bill and petition for reference, that no notice of any hearing was given to appellant, and that the court had no authority to enter a decree awarding temporary alimony and support without holding a hearing giving the appellant an opportunity to be present and be heard.

On May 8, 1968, appellee filed a motion to strike appellant's motion to set aside decree awarding temporary alimony and support on the grounds that appellant was in contempt of court.

The trial court, on May 10, 1968, entered a decree granting the appellee's motion to strike appellant's motion to set aside the decree awarding support and alimony pendente lite and held that appellant was in utter contempt of court. The court further ordered the register to issue a writ for the arrest of the appellant, and taxed him with the court costs. No testimony was taken to support the contempt decree entered on May 10, 1968.

On the trial of the case on March 11, 1969, the court heard the testimony of the appellee, but the court refused to allow appellant's solicitor to cross-examine appellee on the grounds that the appellant was in "utter contempt" of court. The court also refused to allow appellant to introduce his testimony by deposition.

The trial court, on March 11, 1969, entered a decree of divorce on appellee's cross-bill and ordered appellant to pay appellee alimony, child support, solicitor's fees and court costs. The court also entered a judgment against appellant for $2,250.00 for arrears in temporary child support and alimony, adjudged the appellant in contempt of court for failure to comply with the decree of December 29, 1967, and ordered the register to issue a writ for his arrest.

From this decree, the appellant takes this appeal, and the question to be decided is whether or not the appellant was denied due process of law.

We are not unmindful of the holdings that mandamus is the proper remedy in temporary alimony awards, Ex parte Eubank, 206 Ala. 8, 89 So. 656; and that contempt proceedings are not reviewable on appeal, but by certiorari, Jones v. Jones,

249 Ala. 374, 31 So.2d 81. But, since the trial judge included the judgment of temporary alimony and child support arrears in his final decree of March 11, 1969, and in that same decree adjudged the appellant in contempt of court for failure to comply with the decree of December 29, 1967, we may consider these questions on this appeal.

On December 28, 1967, the appellee filed her answer to appellant's bill of complaint and prayed that a reference be held to determine what should be allowed her as alimony, support of the minor child and solicitor's fees, pending a final hearing in the case. The copy of said answer was served on the appellant's attorney by mailing it that day, but the appellant was stationed with the United States military in California. On December 29, 1967, the very next day, the trial judge awarded the appellee temporary child support and alimony without ordering the reference to be held, or without hearing any testimony.

We think that the appellant and his attorneys were lulled into a state of inaction in that they had reason to expect a reference to be held and notice of such. The reason why such reference was not held in compliance with appellee's prayer is not known to us, but regardless, appellant's attorneys had only one day's notice of the cross-bill and no notice that the court would grant relief on the cross-bill without a hearing.

The court in Voss v. Voss, (Fla.App.), 169 So.2d 351, stated as follows:

"In a suit by a wife against her husband for divorce, service of process on the husband is a prerequisite to jurisdiction to grant alimony pendente lite, as authorized by § 65.07, Fla.Stat., F.S.A. * * * And due process of law and orderly procedure would appear to require that the husband be given notice of an application for alimony, and an opportunity to be heard thereon. (Citations omitted.)" (169 So.2d at page 352)

We have diligently searched but failed to find an Alabama Supreme Court opinion dealing with the question here presented, and the statute authorizing the awarding of alimony and child support pendente lite provides no directions as to procedure. But we think and we so hold that to make such an award without notice and hearing is to deny due process, as was done in this case. The cross-respondent was not given an opportunity to contest the making of an award or make any defense thereto or offer any evidence which might have tended to minimize the award.

As to the trial court's holding the appellant in contempt we follow the ruling of the Florida courts in the following three cases:

In Tomayko v. Thomas, (Fla.App.), 143 So.2d 227, the court said:

"The protection afforded by the constitutional guarantee of due process of law extends, of course, into every type of legal proceeding. In observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive. * * *" (143 So.2d at page 230)

Also, in State ex rel. Schonberger v. Kelly, (Fla.App.), 143 So.2d 329, the court said:

"In proceedings for indirect or constructive contempt, due process of law requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense or explanation. * * *" (143 So.2d at page 330)

The court in In re S. L. T., (Fla.App.), 180 So.2d 374, stated as follows:

"A contempt proceeding is direct where the act constituting the contempt is committed in the immediate presence of the court. Direct contempt proceedings are summary and may be without pleading, formal charge or affidavit. Where an act is committed out of the presence

of the court the proceeding to punish is for indirect (constructive) contempt. Such proceedings must ordinarily be instituted by accusation, pleading or affidavit setting forth the facts constituting the contempt. Formal pleading may become unnecessary if the person charged is given notice of the charge and a hearing. A court may on its own motion institute an indirect contempt proceeding. In an indirect contempt proceeding the accused is always entitled to a hearing and an opportunity to resist the charge through defense or explanation." (180 So.2d at page 378)

See also Ex parte Hunt, 45 Ala.App. 432, 231 So.2d 756, citing Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716.

Therefore, we hold that the appellant's Assignment of Error No. 1 which states that the trial court erred in entering its decree of December 29, 1967, granting respondent (appellee) child support and alimony pendente lite without having held a hearing on respondent's petition for such support is a valid assignment. The appellant was denied due process of law by that decree since he was not afforded an opportunity to be heard.

We now consider appellant's Assignment of Error No. 10 which stated that the trial court erred in entering its final decree dated March 11, 1969, granting the respondent (appellee) a divorce and ordering the complainant to pay alimony and child support to the respondent.

The trial court denied the appellant the right to cross-examine the appellee, denied him the right to make objections to the introduction of evidence and testimony, and denied him the right to introduce testimony in his own behalf in the form of deposition.

We have already held that the trial court's decree of December 29, 1967, awarding temporary alimony, etc., was invalid as was the contempt proceeding because the appellant was denied due process of law. Therefore, the trial court's denial of appellant's right to offer a defense on March 11, 1969, stating as grounds that the appellant was in "utter contempt" and had no standing in the court is in error.

But, even if the appellant was guilty of contempt, he nevertheless was entitled to offer a defense. The court in McCollum v. Birmingham Post Co., 259 Ala. 88, 65 So.2d 689, stated the following:

"It was observed by this court in the case of Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971, 979, that:

"'Due process requires that the court which assumes to determine the rights of parties shall have jurisdiction to hear and determine. * * * Due process of law includes the right to be heard on the merits. The power to deny a hearing to a person in contempt does not include the power to refuse to such person in contempt the right to defend in the main case on the merits.'" (259 Ala. at page 95, 65 So.2d at page 694.)

The petition of appellee for an attorney's fee on this appeal is denied.

For the errors pointed out the decree is reversed and the cause remanded for a hearing in keeping with the conclusions herein expressed.

Reversed and remanded.