On Rehearing Ex Mero Motu

THOMPSON, Presiding Judge.
This court’s opinion of July 24, 2015, is withdrawn, and the following is substituted therefor.
The Morgan Circuit Court (“the trial court”) entered a judgment' divorcing Thomas Adam Hutson (“the father”) and Ana Elsa Hutson (“the mother”) on September 25, 2014. In the divorce judgment, the trial court awarded the father physical and legal custody of the parties’ two children (“the children”), subject to the mother’s visitation.
On May 29, 2015, the mother, who is represented by an attorney, filed an ex parte motion for contempt and to modify custody. In that motion, the mother alleged that, since the divorce, the father had had a child out of wedlock, was estranged from his current wife, did not have a valid'driver’s license, and had been arrested “multiple times,” including an arrest for' driving under the influence (“DUI”) while the children were in the vehicle and two arrests for domestic violence against his current wife. The mother also alleged that the father has an “explosive temper” and that she “believe[d]” that he had engaged in emotional and physical abuse of the children.
The father asserts that he was not served with the motion, and the motion *571 does not contain a certificate of service. On June 4, 2015, the mother filed an ex parte motion for “emergency visitation.” The father asserts that he was also not served with a copy of that motion, and, again, the motion does not contain a certificate of service. On June 5, 2015, the trial court granted the mother’s motion for “emergency visitation,” to take place on June 6 and June 7, 2015. On June 9, 2015, the mother filed an amended motion for contempt asserting that the father had violated the emergency-visitation order. Once again, the father says that he was not served with the motion, and no certificate of service accompanies the motion.
On June 10, 2015, the trial court entered an order awarding the mother pendente lite custody of the children subject to “reasonable rights of visitation on the part of [the father].” In the June 10, 2015, order, the trial court scheduled a hearing for September 14, 2015; however, the father was granted leave to make a written request for an expedited hearing, that is, a “72-hour hearing,” upon receiving the order.
On' June 11, 2015, after the close of business, the father filed in the trial court a motion seeking to have the June 5, 2015, and Juné 10, 2015, orders vacated, and he requested that a hearing be held “as soon as possible.” A copy of the motion is included in the materials submitted to this court in support of the father’s mandamus petition. In the motion, the father denied the mother’s allegations, including her assertions that he had abused the children, that his driver’s license had been suspended or revoked, and that the children had been with him when he was arrested for DUI. He denied that he had been intoxicated on that occasion and claimed that he “blew a 0.00 on the breathalyzer machine.” He also stated that he had had no criminal convictions since the parties divorced. Additionally, the father pointed out that, at the time he was awarded custody of the children in the divorce judgment, the trial court was aware of the child he had had out of wedlock. The father submitted affidavits of witnesses to support his efforts to refute the mother’s allegations..
In his mandamus petition to this court, the father argues that the mother’s three ex parte motions were filed without thé certification required by Rule 65(b), Ala. R. Civ. P. The father also asks that the mother1 and her attorney “be held for litigation accountability an[d] pay reasonable attorney fees” for his defense of the ex parte motions.
On June 12, 2015, the father filed in this court a petition for a writ of mandamus directing the trial court to vacate its orders of June 5 and June 10, 2015, and to hold a hearing on “the issue of litigation accountability for failure to follow the rules of civil procedure with hearsay and speculation as the only basis” for the mother’s motion to modify custody. ■
On June 17,2015, this court called for an answer from the mother and the trial-court judge, directing them to respond to the father’s petition by 5:00 p.m. on June 22, 2015. On June 19, 2015, this court extended that deadline to 5:00 p.m. on June 25. The mother filed a timely answer; the trial-court judge did not file an answer. There has been no notification to this court that the trial court ruled on the father’s motion to vacate the orders of June 5 and June 10, 2015, or has rescheduled the hearing set for September 14, 2015.
The standard we apply when reviewing a petition for the writ of mandamus is well settled.
“ ‘ “[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in *572 the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy;' and (4) properly invoked jurisdiction of the court.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).’ ”
Ex parte Builders & Contractors Ass’n of Mississippi Self-Insurer’s Fund, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by Ex parte DBI, Inc., 23 So.3d 635, 657 (Ala.2009)).
In his mandamus petition, the father argues that the trial court’s orders of June 5 and June 10, 2015, are due to be vacated because the mother’s attorney did not include the certification required by Rule 65(b), Ala. R. Civ. P., to obtain the ex parte relief requested without providing nqtice to the father.
Rule 65(b) provides, in pertinent part:
“(b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or .that party’s attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party’s attorney can be heard in opposition, and (2) the applicant’s attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.”
(Emphasis added.)
The father contends that, because the mother failed to comply with the second prong of Rule 65(b), that is, because the mother’s attorney failed to certify the efforts, if any, made to give the father notice or to cite reasons supporting the claim that notice should not be required, the trial court’s orders must be vacated. In the mother’s answer to the father’s petition, her attorney concedes that the certification required by Rule 65(b) was not included in any of the mother’s ex parte motions because, the attorney wrote, “[a]s a matter of practice in the Eighth Judicial Circuit, this certification has not routinely been required.”
In International Molders & Allied Workers Union, AFL-CIO-CLC v. Aliceville Veneers Division, Buchanan Lumber Birmingham, 348 So.2d 1385, 1390 (Ala.1977), our supreme court concluded that the earlier issuance of a temporary restraining order (“TRO”), which was not challenged in an appellate court, did not create a presumption favoring the granting of subsequent injunctive relief. The court explained:
“Rule 65(b), [Ala. R. Civ. P.J, does not permit an ex parte T.R.O. without a certification in writing to the trial court showing the efforts, if any, made to give notice to the adversary, accompanied by reasons supporting [the] claim that notice should not be required. The plain language of this rule assumes that notice is prima facie required and is intended to allow the trial court a studied opportunity to weigh the effect of an absence of notice in deciding to grant or refuse such extraordinary relief.... [T]he validity of the later .injunction is not to be governed by the existence of the temporary restraining order which, had the motion been insisted upon, would have been subject to dissolution for the deficiencies identified.”
Id. (emphasis added); see also Jacobs Broad. Grp., Inc. v. Jeff Beck Broad. Grp., LLC, 160 So.3d 345, 354 (Ala.Civ.App.2014).
*573 Similarly, commentators have pointed out that a federal court may issue a TRO without notice to the adverse party only if both prongs of Rule 65(b)(1), Fed.R.Civ.P., which is substantially the same as the pertinent portion of Rule 65(b), Ala. R. Civ. P., are met. 13 James Wm. Moore, Moore’s Federal Practice § 65.32 (Matthew Bender 3d ed.2014). “Because an ex parte order ‘runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute,’ the requirements of Rule 65(b)(1) must be scrupulously observed.” Id. (footnotes omitted). As the United States Supreme Court observed in Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974): “The stringent restrictions imposed by [Rule 65(b), Fed.R.Civ.P.,] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.” (Footnote omitted.)
The Rules of Civil Procedure cannot be ignored with impunity. Because the mother’s attorney failed to comply with the requirements of Rule 65(b), Ala. R. Civ. P., we conclude that the trial court’s orders are due to be set aside. International Molders & Allied Workers Union, AFL-CIO-CLC v. Aliceville Veneers Div., Buchanan Lumber Birmingham, supra.
Furthermore, we note that in the June 10, 2015, order, the trial court granted the father leave to make a written request for a “72-hour hearing” upon receiving the order. This court has held that, in cases such as this,
“a parent must ‘be given notice and an opportunity to be heard as expeditiously as possible’ after the entry of an ex parte custody order, even as soon as 72 hours after notice is given, when practicable. Ex parte Couey, 110 So.3d [378,] 381 and n. 2 [ (Ala.Civ.App.2012) ].”
Ex parte C.T., 154 So.3d 149, 153 (Ala.Civ.App.2014).
For the reasons set forth above, the father’s petition for a writ of mandamus is granted. We direct the trial court to vacate the ex parte TROs entered on June 5 and June 10, 2015, and, if necessary, to conduct further proceedings in a manner consistent with this opinion.
ON REHEARING EX MERO MOTU: OPINION OF JULY 24, 2015, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.