MOORE, Judge.
This court's opinion issued on January 20, 2017, is withdrawn, and the following is substituted therefor.
*93 Wesley Person ("the husband") appeals from a divorce judgment entered by the Crenshaw Circuit Court ("the trial court") to the extent that it ordered him to pay child support and alimony to Lillian Person ("the wife"). He also challenges the ex parte pendente lite order that was entered during the pendency of the divorce proceedings. We reverse the judgment.
Procedural History
On August 29, 2013, the wife filed a verified complaint seeking a divorce from the husband. In the complaint, the wife averred that she and the husband, who had been married since 1994, had separated on December 1, 2012, and were living apart. The wife further claimed that she was without sufficient funds to provide for herself and the parties' minor children and that the husband had failed to provide any financial support to her and the children during their separation. The wife requested, among other things, that the trial court enter an ex parte temporary restraining order awarding her custody of the children, $6,000 per month in child support, and $10,000 per month in alimony. On September 4, 2013, the trial court entered an order ("the September 2013 ex parte pendente lite order") requiring the parties to seek a mediator and to establish a mediation schedule within 30 days of service of process. The September 2013 ex parte pendente lite order further provided that, in the event the parties did not schedule mediation as ordered, the husband should pay to the wife the child support and alimony she had requested commencing on October 1, 2013, and continuing every month thereafter.
The wife subsequently served the summons and the complaint on the husband on September 6, 2013. On October 7, 2013, the husband filed a motion to change venue, which was denied on October 9, 2013. On February 6, 2014, the wife filed a motion to enforce the September 2013 ex parte pendente lite order. In that motion, the wife asserted that the parties had not conducted mediation as required and that the husband had not paid any alimony or child support. The wife requested that the trial court determine the amount of the husband's arrearage and order him to pay that amount. The husband responded by notifying the trial court of his willingness and intention to mediate the case and by requesting that the trial court deny the wife's motion. On April 8, 2014, the husband answered the complaint and counterclaimed for a divorce. On February 17, 2015, the wife amended her complaint, adding allegations that the husband had committed adultery.
After a trial on April 28, 2015, the trial court entered a judgment on July 31, 2015, finding that the husband had committed adultery during the parties' marriage, dividing the parties' property, ordering the husband to pay $1,000 per month in alimony, awarding the wife sole physical and legal custody of the parties' minor children, ordering the husband to pay $2,500 per month in child support, and establishing that the husband owed an arrearage of $320,000 arising from the September 2013 ex parte pendente lite order. With regard to child support, the trial court specifically stated:
"As to present, and future child support, the provisions of Rule 32, [Ala. R. Jud. Admin.,] have not been followed in the award of child support herein made. This court finds that the application of said guidelines in this case would be manifestly unfair or inequitable because the parties live on an undetermined amount of income."
The trial court also stated:
"While the Court finds that the [husband] is in fact $320,000.00 in arrears in respect to child support and spousal support, *94 the court defers, at this time, to make any ruling in respect to the payment of such arrearage. Provisions for the payment of the arrearage will depend upon the manner in which the parties comply with all of the other provisions in this order. A decision will be entered by this court as to the payment of the above arrearage after the court has determined the manner in which each party has complied with all the other provisions in this order."
On August 27, 2015, the husband filed a postjudgment motion. On October 26, 2015, the postjudgment motion was denied. On December 7, 2015, the husband filed his notice of appeal.
Facts
The evidence indicated that the parties had been married over 20 years at the time of the trial. During the marriage, the husband had played for the National Basketball Association ("the NBA") for 11 years and had earned $40 million. At the time of the trial, the parties had a Prudential Annuities Service Account valued at $2.2 million and a Polaris Platinum II Awards Annuity with an estimated value of $91,000; those accounts were awarded to the wife. The husband also had a pension through the NBA that he testified was valued at $711,000; that pension was awarded to the husband. The parties also owned multiple homes, farmland, a community center, a skating rink, a bowling alley, and approximately 20 vehicles.
The evidence also indicated that the wife does not have a college degree and that she had never worked during the marriage. The evidence indicated further that the parties' income in the years leading up to the separation had been solely from their approximately $5 million in investments. The wife testified that the husband had spent over $1 million during the parties' separation. She further testified that she had heard that the husband has secret financial accounts but that she had been unable to locate any additional accounts.
Finally, there was evidence presented indicating that the husband had committed adultery. Additionally, the husband admitted that he had failed to pay any pendente lite child support or alimony for over two years during the pendency of this case.
Discussion
I.
On appeal, the husband argues that the judgment is not final because the trial court declined to provide for the manner of payment of the arrearage accruing from the September 2013 ex parte pendente lite order. The trial court clearly set forth the amount of arrearage owed by the husband for pendente lite alimony and child support. Compare D.M.P.C.P. v. T.J.C., 91 So.3d 75, 76 (Ala. Civ. App. 2012) (noting that the trial court's "failure to adjudicate the amount of the father's child-support arrearage render[ed] the ... order from which the mother has appealed nonfinal"); Johnson v. Johnson, 191 So.3d 164, 171 (Ala. Civ. App. 2015) (holding that alimony arrearage arising from pendente lite order becomes part of final judgment when expressly included therein). A determination of a party's arrearage is "the equivalent of a monetary judgment for that amount." Henderson v. Henderson, 680 So.2d 373, 374 (Ala. Civ. App. 1996). Such a judgment may be collected by " 'any ... process for collection of the judgment, such as garnishment.' " State ex rel. Walker v. Walker, 58 So.3d 823, 828 (Ala. Civ. App. 2010) (quoting Leopold v. Leopold, 955 So.2d 1031, 1036 (Ala. Civ. App. 2006) ). Therefore, we conclude that the divorce judgment is final so as to support the present appeal even though the trial court did not expressly declare the mechanism of enforcement.
*95 II.
The husband next argues that the $320,000 arrearage arises from a void order. Specifically, the husband contends that the trial court entered the September 2013 ex parte pendente lite order establishing his interim alimony and child-support obligations in violation of Rule 65(b), Ala. R. Civ. P., thereby rendering that order a nullity.
Ordinarily, on appeal from a final judgment of divorce, this court cannot review the merits of a pendente lite order. As we explained in Morgan v. Morgan, 183 So.3d 945, 966 (Ala. Civ. App. 2014) :
"A pendente lite order is replaced by the entry of a final judgment. Reid v. Reid, 897 So.2d 349, 355 (Ala. Civ. App. 2004) ('A pendente lite order is one entered during the pendency of litigation, and such an order is generally replaced by a final judgment.'). Thus, a pendente lite order is not made final by the entry of a final judgment such that it may be appealed as a part of the final judgment. Rather, the review of a pendente lite support order 'is by way of mandamus, inasmuch as it is not a final [judgment].' Sizemore v. Sizemore, 423 So.2d 239, 241 (Ala. Civ. App. 1982). See also Ashbee v. Ashbee, 431 So.2d 1312, 1313 (Ala. Civ. App. 1983) ('As to the wife's claim that alimony pendente lite should have been awarded, we note that the proper method of seeking appellate review of such an action on the part of the trial court is through a petition for a writ of mandamus. ... Since this issue has been raised improperly, we are unable to consider it [in an appeal of a final divorce judgment].') (citing Sizemore v. Sizemore, supra). Accordingly, the husband may not raise issues pertaining to the propriety of the ... pendente lite support order in th[e] appeal of the final divorce judgment."
However, the husband points out that a void judgment may be attacked "at any time," Hodges v. Archer, 286 Ala. 457, 459, 241 So.2d 324, 326 (1970), and that our supreme court considered the validity of an ex parte pendente lite order following the entry of a final judgment in Ex parte Williams, 474 So.2d 707 (Ala. 1985).
In Nichols v. Nichols, 46 Ala.App. 67, 238 So.2d 186 (Civ. App. 1970), a husband filed a divorce complaint and the wife counterclaimed for a divorce and sought an award of alimony and child support. Without taking any evidence, the trial court ordered the husband to pay $150 per month in pendente lite alimony and child support. When the husband filed a motion objecting to the pendente lite order and the manner in which it had been entered, the trial court struck the motion and cited the husband for contempt. The case proceeded to trial, at which the trial court denied the husband the right to present his case based on its determination that the husband had been in contempt of court. The trial court entered a final judgment finding that the husband was in contempt of the pendente lite order and awarding the wife an arrearage of $2,250. The husband appealed, arguing that he had been denied due process of law.
This court recognized that mandamus review ordinarily serves as the means to correct erroneous pendente lite orders but concluded that it could review the pendente lite order because "the trial judge included the judgment of temporary alimony and child support arrears in his final decree ... and in that same decree adjudged the [husband] in contempt of court ...." 46 Ala.App. at 70, 238 So.2d at 188. This court ultimately concluded that the pendente lite order, the citation for contempt, and the final judgment all had been entered without due process and, thus, reversed the judgment.
*96 In Ex parte Williams, supra, a mother had obtained a default judgment divorcing her from the father and awarding her custody of their minor child. Six months later, the father obtained an ex parte restraining order preventing the mother from taking the child out of Alabama and awarding him temporary custody of the child during the pendency of a custody-modification action. The mother violated the restraining order by removing the child to Georgia, and the trial court entered orders finding the mother in contempt of court, returning custody to the father, and denying the mother all visitation rights. After this court affirmed that judgment, Williams v. Williams, 474 So.2d 705, 707 (Ala. Civ. App. 1984), our supreme court issued a writ of certiorari to review the validity of the ex parte restraining order. 474 So.2d at 708-09. The supreme court held that the trial court could not deprive the mother of her custody rights without due process, which, in the absence of danger to the actual health and physical well-being of the child, required notice of the petition for a pendente lite change of custody and an opportunity to be heard on the petition. 474 So.2d at 709-11. The supreme court further held that the trial court had violated Rule 65(b), Ala. R. Civ. P., by awarding the father ex parte relief because the father had not verified facts showing a clear threat of irreparable and immediate injury as required by the rule. 474 So.2d at 711-12. The supreme court determined that, because the restraining order was due to be reversed, the judgment finding the mother in contempt and the final judgment modifying custody and denying the mother visitation rights were also due to be reversed. 474 So.2d at 712.
In both Nichols and Ex parte Williams, the trial court had based its final judgment on the violation of an ex parte pendente lite order. In the present case, the final judgment awarding the wife an arrearage of $320,000 is based on the September 2013 ex parte pendente lite order. The husband in Nichols and the mother in Ex parte Williams challenged the validity of the pendente lite orders on appeal from the final judgments entered in those cases. In this case, the husband has challenged the validity of the September 2013 ex parte pendente lite order on appeal from the final judgment. In Nichols, the husband argued that he had been denied due process. In Ex parte Williams, the mother argued that the pendente lite restraining order was invalid because it had been entered in a manner inconsistent with Rule 65(b) and with her rights to notice and an opportunity to be heard. In this case, the husband argues that the September 2013 ex parte pendente lite order is invalid because it was entered in a manner inconsistent with Rule 65(b) and with his rights to notice and an opportunity to be heard.
In both Nichols and Ex parte Williams, the appellate courts reviewed the pendente lite orders on appeal from the final judgments in those cases, not via a petition for a writ of mandamus. The husband argues that this court also has the jurisdiction to review the September 2013 ex parte pendente lite order on appeal from the final judgment. We agree. The parallels between this case and Nichols and Ex parte Williams lead us to conclude that the validity of the September 2013 ex parte pendente lite order can be reviewed in this appeal. Although the wife argues that some Alabama cases have implied that the validity of a pendente lite order can never be considered on appeal from a final judgment, see Ex parte A.S., 3 So.3d 842, 843, 845 (Ala. 2008), and G.B. v. State Dep't of Human Res., 959 So.2d 1116, 1117, 1119 (Ala. Civ. App. 2006), the two cases most directly on point, Nichols and Ex parte Williams, provide otherwise. In Nichols, this court clearly considered and rejected *97 the premise that the pendente lite order in that case could be reviewed only by way of a petition for a writ of mandamus.[1] In Ex parte Williams, the supreme court could have reached the merits only by assuming the jurisdiction to review the validity of the ex parte pendente lite restraining order on appeal. Thus, both cases support the husband's argument that the validity of an ex parte pendente lite order can, in some circumstances, be reviewed on appeal after the entry of a final judgment.
We note that in both Nichols and Ex parte Williams this court and the supreme court reviewed the pendente lite orders not only because of their apparent invalidity, but also because the trial courts had enforced the orders in the final judgments. In the absence of those circumstances, the courts might not have undertaken review of the otherwise interlocutory orders. Because Nichols and Ex parte Williams deviate from the general rule prohibiting appellate review of pendente lite orders, we interpret those opinions narrowly. We conclude that the validity of an ex parte pendente lite order may be reviewed on appeal when a trial court enforces the order in its final judgment. Although a final judgment replaces a pendente lite order, to the extent that the final judgment depends on the validity of an ex parte pendente lite order, an appellate court may review that aspect of the ex parte pendente lite order when deciding whether the subsequently entered final judgment should be reversed.
The record shows without dispute that the trial court did not notify the husband before entering the September 2013 ex parte pendente lite order. The husband contends that the trial court could not have entered the September 2013 ex parte pendente lite order without complying with Rule 65(b), Ala. R. Civ. P., which provides:
"A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record, and shall expire by its terms within such time after entry not to exceed ten (10) days, as the court fixes (except in domestic relations cases, the ten- (10-) day limitation shall not apply), unless within the time so fixed the order for good cause shown is extended or unless the party against whom the order is directed consents that it may be extended for a longer period. In case a temporary restraining order is granted without notice, the motion for a *98 preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two (2) days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."
The husband contends that the wife violated Rule 65(b) because her verified complaint did not allege or show immediate and irreparable injury warranting ex parte relief and because her attorney did not certify "in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." The husband also maintains that the trial court failed to comply with Rule 65(b) because it did not endorse the September 2013 ex parte pendente lite order with the "date and hour" of issuance and because it did not set the matter for a hearing on a preliminary injunction as soon as practicable. Those procedural errors, the husband argues, render the September 2013 ex parte pendente lite order a nullity.
The record shows that the wife requested immediate ex parte relief from the trial court in order to obtain pendente lite alimony and child support. This court has previously recognized that such an unusual request must comply with Rule 65(b). In Ex parte Franks, 7 So.3d 391 (Ala. Civ. App. 2008), this court held that the trial court in that case could not award the mother child support through an ex parte proceeding in the absence of allegations and proof of immediate and irreparable injury as required by Rule 65(b)(1). This court concluded that the mother had not met that requirement by merely alleging a need for financial assistance. Consequently, this court issued a writ of mandamus ordering the trial court to vacate its child-support order.
This court has also held that the requirements of Rule 65(b)(2) must be observed before a trial court can issue an ex parte temporary restraining order. In Ex parte Hutson, 201 So.3d 570 (Ala. Civ. App. 2016), based on ex parte motions filed by the mother, the trial court granted the mother emergency visitation and custody of the parties' child in two separate orders. The father filed a petition for a writ of mandamus with this court, arguing that the visitation and custody orders should be vacated because the motions upon which they were grounded did not contain the certification required by Rule 65(b)(2), a fact the mother conceded. This court stated:
"In International Molders & Allied Workers Union, AFL-CIO-CLC v. Aliceville Veneers Division, Buchanan Lumber Birmingham, 348 So.2d 1385, 1390 (Ala. 1977), our supreme court concluded that the earlier issuance of a temporary restraining order ('TRO'), which was not challenged in an appellate court, did not create a presumption favoring the granting of subsequent injunctive relief. The court explained:
" 'Rule 65(b), [Ala. R. Civ. P.], does not permit an ex parte T.R.O. without a certification in writing to the trial court showing the efforts, if any, made to give notice to the adversary, accompanied by reasons supporting [the]
*99 claim that notice should not be required. The plain language of this rule assumes that notice is prima facie required and is intended to allow the trial court a studied opportunity to weigh the effect of an absence of notice in deciding to grant or refuse such extraordinary relief.... [T]he validity of the later injunction is not to be governed by the existence of the temporary restraining order which, had the motion been insisted upon, would have been subject to dissolution for the deficiencies identified.'
" Id. (emphasis added); see also Jacobs Broad. Grp., Inc. v. Jeff Beck Broad. Grp., LLC, 160 So.3d 345, 354 (Ala. Civ. App. 2014).
"Similarly, commentators have pointed out that a federal court may issue a TRO without notice to the adverse party only if both prongs of Rule 65(b)(1), Fed. R. Civ. P., which is substantially the same as the pertinent portion of Rule 65(b), Ala. R. Civ. P., are met. 13 James Wm. Moore, Moore's Federal Practice § 65.32 (Matthew Bender 3d ed. 2014). 'Because an ex parte order "runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute," the requirements of Rule 65(b)(1) must be scrupulously observed.' Id. (footnotes omitted). As the United States Supreme Court observed in Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) : 'The stringent restrictions imposed by [ Rule 65(b), Fed. R. Civ. P.,] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.' (Footnote omitted.)
"The Rules of Civil Procedure cannot be ignored with impunity. Because the mother's attorney failed to comply with the requirements of Rule 65(b), Ala. R. Civ. P., we conclude that the trial court's orders are due to be set aside. International Molders & Allied Workers Union, AFL-CIO-CLC v. Aliceville Veneers Div., Buchanan Lumber Birmingham, supra."
201 So.3d at 572-73.
Without addressing the other procedural irregularities at issue, we conclude that the trial court entered the September 2013 ex parte pendente lite order in violation of Rule 65(b). The record shows that the wife filed her complaint approximately nine months after the parties separated. In that complaint, the wife verified that she needed financial support from the husband, but she did not allege facts sufficient to justify a conclusion that she or the children were in danger of immediate and irreparable injury if they did not receive such support without first giving the husband an opportunity to be heard in opposition. The record also shows that the wife's attorney did not certify to the trial court in writing the efforts taken to notify the husband of the claim for expedited ex parte relief or explain the reasons why such notice should be excused.
In her application for rehearing, the wife admits that she did not comply with the notice requirements of Rule 65(b), but she maintains that the trial court essentially gave the husband 24 days' notice before the September 2013 ex parte pendente lite order was to go into effect, during which the husband did not raise any objection to the order. That contention rests, in part, on the wife's assertion that she served the September 2013 ex parte pendente lite order on the husband on September 6, 2013.
*100 However, the page of the record to which the wife points to support that assertion shows only that the husband was served with the summons and the complaint on that date. The husband testified during the trial that he had seen the September 2013 ex parte pendente lite order at some point, but no evidence supports the wife's contention that the husband had notice of the September 2013 ex parte pendente lite order before its purported effective date. Moreover, the wife does not explain how such notice would have cured the violations of Rule 65(b). See Rule 28(a)(10), Ala. R. App. P. (requiring legal argument with citation to relevant authority).
The record does show that after October 1, 2013, the husband did not object to the validity of the September 2013 ex parte pendente lite order on the record in the proceedings below. However, the wife does not make any legal argument that the husband waived the requirements of Rule 65(b) by failing to lodge an objection to the September 2013 ex parte pendente lite order after its entry. Id. She argues only that the "technical" noncompliance with Rule 65(b) amounts to harmless error. See Brown v. Bateh, 331 So.2d 671 (Ala. 1976). We do not agree. In the September 2013 ex parte pendente lite order, the trial court ordered the husband to pay $16,000 per month in family support without affording him notice and an opportunity to be heard; those amounts accumulated during the pendency of the trial-court proceedings until the final judgment awarded the wife $320,000 as an arrearage. The husband has been undoubtedly prejudiced by the noncompliance with Rule 65(b).
In Ex parte Boykin, 656 So.2d 821, 826 (Ala. Civ. App. 1994), this court held that an "injunction was invalid because neither the mother nor the trial court complied with the requirements of Rule 65...." (Emphasis added.) Other jurisdictions, recognizing the mandatory nature of the requirements of rules similar to our Rule 65(b), also consider an ex parte temporary restraining order to be void based on noncompliance with the rule. See, e.g., In re Estates of Smaldino, 151 Wash.App. 356, 367, 212 P.3d 579, 585 (2009) ; Wahba, LLC v. USRP (Don), LLC, 106 Haw. 466, 476, 106 P.3d 1109, 1119 (2005) ; Mar-Pak Michigan, Inc. v. Pointer, 226 Ga. 189, 189, 173 S.E.2d 206, 208 (1970) ; and Intermountain Rural Elec. Ass'n, Inc. v. District Ct., 160 Colo. 128, 414 P.2d 911 (1966). A void order is a complete nullity, and it is the duty of the court on application of an interested party to vacate the void order at any time subsequent to its rendition. Hodges, 286 Ala. at 459, 241 So.2d at 326. An objection that a judgment or order is void may be raised for the first time on appeal. See Hopkins v. Duggar, 204 Ala. 626, 628, 87 So. 103, 104 (1920). Accordingly, we hold that the September 2013 ex parte pendente lite order is void and that the trial court could not have enforced that order. We therefore reverse the divorce judgment insofar as it awarded the wife $320,000 in past-due child support and alimony.
III.
The husband next argues that the trial court erred in awarding child support without receiving evidence as to the parties' respective incomes or the needs of the children.
In Morgan, 183 So.3d at 961-62, this court reasoned:
" ' " 'This court has held that if the record does not reflect compliance with Rule 32(E)[, Ala. R. Jud. Admin.] (which requires the filing of "Child Support Obligation Income Statement/Affidavit" forms (Forms CS-41) and a "Child Support Guidelines"
*101 form (Form CS-42)), and if child support is made an issue on appeal, this court will remand (or reverse and remand) for compliance with the rule. See Martin v. Martin, 637 So.2d 901, 903 (Ala. Civ. App. 1994). On the other hand, this court has affirmed child-support awards when, despite the absence of the required forms, we could discern from the appellate record what figures the trial court used in computing the child-support obligation. See, e.g., Dunn v. Dunn, 891 So.2d 891, 896 (Ala. Civ. App. 2004) ; Rimpf v. Campbell, 853 So.2d 957, 959 (Ala. Civ. App. 2002) ; and Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala. Civ. App. 1996). Nevertheless, without the child-support-guidelines forms, it is sometimes impossible for an appellate court to determine from the record whether the trial court correctly applied the guidelines in establishing or modifying a child-support obligation. See Horwitz v. Horwitz, 739 So.2d 1118, 1120 (Ala. Civ. App. 1999).' "
" ' Harris v. Harris, 59 So.3d 731, 736-37 (Ala. Civ. App. 2010) (quoting Hayes v. Hayes, 949 So.2d 150, 154 (Ala. Civ. App. 2006) ).'
" Wellborn v. Wellborn, 100 So.3d 1122, 1126 (Ala. Civ. App. 2012).
"This court is unable to determine from the record the manner in which the trial court determined the amount of the parties' gross incomes. The trial court is not bound by the income figures advanced by the parties, and it has discretion in determining a parent's gross income. However, ' "[t]his court cannot affirm a child-support order if it has to guess at what facts the trial court found in order to enter the support order it entered...." ' Willis v. Willis, 45 So.3d 347, 349 (Ala. Civ. App. 2010) (quoting Mosley v. Mosley, 747 So.2d 894, 898 (Ala. Civ. App. 1999) ). Therefore, we reverse the judgment establishing the child-support award and remand the case to the trial court to redetermine the husband's child-support obligation in compliance with the Rule 32, Ala. R. Jud. Admin., child-support guidelines and this opinion."
In the present case, the trial court's judgment expressly states that the court could not determine the parties' incomes. Indeed, there is no evidence of the parties' incomes or of the needs of the children in the record. The evidence indicated that the parties lived off their investments, but there was no evidence presented regarding the amount of that income. We do not even know if the parties' combined income is outside the maximum combined income set forth in the child-support guidelines. Without evidence of the parties' incomes and, if the parties' combined income is outside the maximum combined income set forth in the child-support guidelines, evidence of the children's needs, we cannot affirm the child-support order. See Morgan, supra ; see also Rule 32, Ala. R. Jud. Admin. Therefore, we reverse the trial court's judgment regarding the award of child support and remand this cause for the trial court to take additional evidence and to enter a child-support order in compliance with Rule 32 and this opinion.[2] Id. We note *102 that, on remand, the trial court has the discretion to make its child-support award retroactive to the date the complaint for divorce was filed. See McCaskill v. McCaskill, 104 So.3d 186, 194 (Ala. Civ. App. 2012) (" '[G]iven this state's policy and law requiring a parent to support a minor child, we hold that a trial court may, in its discretion, award child support retroactive to the filing of the complaint for divorce where the trial court has failed to enter a pendente lite child support order for the period in which the parent had a duty to support the child but failed to provide that support.' " (quoting Brown v. Brown, 719 So.2d 228, 232 (Ala. Civ. App. 1998) )).
IV.
Finally, the husband argues that the trial court erred in awarding alimony to the wife without receiving evidence regarding a need for alimony.
" ' " '[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.' Philpot v. State, 843 So.2d 122, 125 (Ala. 2002). ' "The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment." ' Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala. 2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala. 1985) )."
" ' Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala. 2005).
" '....'
"....
" ' "On appeal, the issues of alimony and property division must be considered together. The trial court's judgment on those issues will not be reversed absent a finding that the judgment is so unsupported by the evidence as to amount to an abuse of discretion. [ Parrish v. Parrish, 617 So.2d 1036 (Ala. Civ. App. 1993).] The property division need not be equal, but it must be equitable. Id. The factors the trial court should consider in dividing the marital property include 'the ages and health of the parties, the length of their marriage, their station in life and their future prospects, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property.' Covington v. Covington, 675 So.2d 436, 438 (Ala. Civ. App. 1996)."
" ' Courtright v. Courtright, 757 So.2d 453, 456 (Ala. Civ. App. 2000).'
" Weeks v. Weeks, 27 So.3d 526, 529 (Ala. Civ. App. 2008)."
Sullivan v. Sullivan, 211 So.3d 836, 839-40 (Ala. Civ. App. 2016).
"Periodic alimony is completely a creature of legislative design." J.L.M. v. S.A.K., 18 So.3d 384, 390 (Ala. Civ. App. 2008). Section 30-2-51(a), Ala. Code 1975, the operative statute in this case, provides, in part:
"If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family."
*103 See also Kean v. Kean, 189 So.3d 61, 66 (Ala. Civ. App. 2015).
In Shewbart v. Shewbart, 64 So.3d 1080, 1087-88 (Ala. Civ. App. 2010), this court stated:
"A petitioning spouse proves a need for periodic alimony by showing that without such financial support he or she will be unable to maintain the parties' former marital lifestyle. See Pickett v. Pickett, 723 So.2d 71, 74 (Ala. Civ. App. 1998) (Thompson, J., with one judge concurring and two judges concurring in the result). As a necessary condition to an award of periodic alimony, a petitioning spouse should first establish the standard and mode of living of the parties during the marriage and the nature of the financial costs to the parties of maintaining that station in life. See, e.g., Miller v. Miller, 695 So.2d 1192, 1194 (Ala. Civ. App. 1997) ; and Austin v. Austin, 678 So.2d 1129, 1131 (Ala. Civ. App. 1996). The petitioning spouse should then establish his or her inability to achieve that same standard of living through the use of his or her own individual assets, including his or her own separate estate, the marital property received as part of any settlement or property division, and his or her own wage-earning capacity, see Miller v. Miller, supra, with the last factor taking into account the age, health, education, and work experience of the petitioning spouse as well as prevailing economic conditions, see DeShazo v. DeShazo, 582 So.2d 564, 565 (Ala. Civ. App. 1991), and any rehabilitative alimony or other benefits that will assist the petitioning spouse in obtaining and maintaining gainful employment. See Treusdell v. Treusdell, 671 So.2d 699, 704 (Ala. Civ. App. 1995). If the use of his or her assets and wage-earning capacity allows the petitioning spouse to routinely meet only part of the financial costs associated with maintaining the parties' former marital standard of living, the petitioning spouse has proven a need for additional support and maintenance that is measured by that shortfall. See Scott v. Scott, 460 So.2d 1331, 1332 (Ala. Civ. App. 1984)."
In the present case, there was no evidence presented indicating that the wife would be unable to maintain her former marital standard of living absent an award of periodic alimony. In fact, at the hearing on the husband's postjudgment motion, the wife's testimony tended to show that she felt that her property award was sufficient to meet her needs. Furthermore, the evidence indicated that the parties had lived solely off of their investments, of which the wife was awarded a portion, and that neither party had been employed at the time of the parties' separation.
Without any evidence indicating that the wife will be unable to meet her needs absent an award of alimony, we conclude that the trial court exceeded its discretion in awarding periodic alimony. Accordingly, we reverse the judgment to the extent that it awarded the wife periodic alimony. Because the division of property and the award of alimony are interrelated, we also reverse the division of property. See Sullivan, 211 So.3d at 840. On remand, the trial court is permitted to reconsider the division of property in light of our reversal of the award of alimony and all the applicable factors, including the finding of fault on the part of the husband. See id.
Conclusion
Based on the foregoing, we reverse the trial court's judgment. We remand this cause for further proceedings in accordance with this opinion.
APPLICATION GRANTED; OPINION OF JANUARY 20, 2017, WITHDRAWN; OPINION SUBSTITUTED;
*104 REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.

In Nichols, the husband had objected to the pendente lite award during the trial-court proceedings, whereas, in this case, the husband did not object to the September 2013 ex parte pendente lite order during the trial-court proceedings. That distinction does not require a different result, however. The trial court struck the objection in Nichols, treating it as if it had not been raised, which is similar to the posture of this case. Moreover, in Nichols, this court did not consider the fact that the husband had objected during the trial-court proceedings as preventing him from raising that same objection on appeal as opposed to in a petition for a writ of mandamus.

Rule 32(B)(2)(a) provides:
" 'Gross income' includes income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits, workers' compensation benefits, unemployment-insurance benefits, disability-insurance benefits, gifts, prizes, and preexisting periodic alimony."
We note that the submission of the parties' income-tax returns and other documentation pursuant to Rule 32(F) would assist the trial court in determining the parties' incomes.