DONALDSON, Judge.
Wendy Franks Fancher ("the former wife") filed a petition for a writ of mandamus seeking an order from this court directing the Dallas Circuit Court ("the trial court") to vacate an ex parte temporary restraining order it has entered and to dismiss the petition for a modification of custody filed by Robert Allen Fancher ("the husband") pursuant to the Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq., Ala. Code 1975.
Facts and Procedural History
The former wife alleges the following facts in her mandamus petition. On November 9, 2014, the trial court entered a judgment in the parties' divorce action("the divorce action") that, among other things, divorced the former husband and the former wife, granted the former wife sole physical custody of the parties' two minor children, and granted specific rights of visitation to the former husband. On March 21, 2016, the trial court entered a "Final Order of Modification" in case no. DR-13-900089.01 that maintained sole physical custody of the children with the former wife, modified the former husband's child-support obligation, established a child-support arrearage payment, and modified the former husband's visitation rights. On January 26, 2018, the trial court entered a "Final Order of Modification" in case no. DR-13-900089.02 that, among other things, maintained sole physical custody of the children with the former wife and modified the former husband's visitation rights.
On June 12, 2018, the former wife notified the former husband via certified mail of her intent to relocate with the children to Enterprise. The former wife alleges that her notification was in accordance with the Alabama Parent-Child Relationship Protection Act. Materials submitted by the former wife indicate that the former husband received the notification on June 18, 2018. On July 11, 2018, the former husband, through counsel, mailed a letter to the former wife stating that he objected to the former wife's relocation with the children.
On August 5, 2018, the former husband filed in the trial court a petition to modify custody of the children, based upon the former wife's proposed relocation with the *656 children. The former husband's petition was assigned case no. DR-13-900089.03 ("the .03 action"). Along with his petition to modify, the former husband also filed an "Objection to Relocation of the Children" and a "Petition for Emergency Pendente Lite Relief." On August 6, 2018, the former husband filed a "Motion for Ex Parte Temporary Restraining Order" in which he sought to restrain the former wife from relocating with the children. According to the submitted materials, the former husband's objection to relocation, his petition for emergency pendente lite relief, and his motion seeking an ex parte temporary restraining order were all filed in the divorce action.[1]
On August 7, 2018, the trial court entered an ex parte temporary restraining order in the .03 action that ordered the former wife to remain in Dallas County with the children or, alternatively, permitted the former wife to relocate, provided that the children remain in Dallas County. In its order, the trial court set the matter for a hearing on September 12, 2018.
On August 8, 2018, the former wife filed a "Motion to Vacate the Order of August 7, 2018, and Motion to Dismiss the Proceeding" in the trial court. In her motion, the former wife asserted that the former husband had failed to timely object to her proposed relocation and, therefore, had waived any objection to her relocating with the children. The former wife also challenged the entry of the ex parte temporary restraining order, asserting that the "Alacourt [State Judicial Information System] contained no motion being filed requesting the ex parte relief which had been granted." On that same day, the former wife filed an amended motion seeking to vacate the trial court's ex parte temporary restraining order based upon the former husband's objection to relocation, petition for emergency pendente lite relief, and motion seeking an ex parte temporary restraining order having been filed in the wrong case. In her amended motion, the former wife further asserted that the trial court lacked subject-matter jurisdiction based upon the former husband's having waived his objection to the proposed relocation, that the trial had court entered the ex parte temporary restraining order in violation of Rule 65, Ala. R. Civ. P., and that she had been denied due process by the trial court's having set a hearing for 36 days after the entry of the ex parte temporary restraining order.
On August 8, 2018, the former husband filed in the .03 action a single document encompassing a response to the former wife's motion to vacate, a motion for a "pickup order," a motion seeking to hold the former wife in contempt, and a request for a "clarification of order." The trial court did not rule on the pending motions before the former wife filed her mandamus petition.
On August 10, 2018, the former wife filed her mandamus petition in this court. The former wife also sought a stay of the trial court's ex parte temporary restraining order in her petition. On August 10, 2018, this court issued an order staying the trial court's ex parte temporary restraining order and requiring the former husband to file a response to the former wife's petition within seven days. The former husband timely filed his response with this court.
The former wife raises three issues in her petition. First, the former wife contends that the trial court lacks subject-matter *657 jurisdiction over this matter because, she asserts, the former husband failed to pay the appropriate filing fee. Second, the former wife argues that the trial court's ex parte temporary restraining order was issued contrary to the requirements contained within Rule 65(b), Ala. R. Civ. P. Finally, the former wife argues that the trial court lacks subject-matter jurisdiction because, she asserts, the former husband waived his right to object to her relocation with the children.
Standard of Review
"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995).
"To justify the issuance of such a writ, there must be a clear showing of injury to the petitioner. [ Ex parte Johnson Land Co., 561 So.2d 506 (Ala. 1990) ]. The writ will not issue absent a clear abuse of discretion by the trial court or where the petitioner has some other adequate remedy. Ex parte Jones, 447 So.2d 709 (Ala. 1984) ; Ex parte Mid-Continent Systems, Inc., 447 So.2d 717 (Ala. 1984)."
Ex parte J.E.W., 608 So.2d 728, 729 (Ala. 1992).
Discussion
The former wife filed her petition for the writ of mandamus before the trial court had ruled on her pending motions. "A writ of mandamus will not issue to compel the respondent to act when the respondent has not refused to do so." Ex parte CUNA Mut. Ins. Soc'y., 822 So.2d 379, 384 (Ala. 2001). "[I]t is the duty of this court to review the propriety of orders and judgments made in the trial court; this court cannot issue rulings on the motions pending before the trial court." Ex parte Veteto, 230 So.3d 401, 403 (Ala. Civ. App. 2017). Therefore, the former wife's petition for the writ of mandamus seeking to compel the trial court to dismiss the action based on a lack of subject matter jurisdiction is premature because the trial court has not yet ruled on the motions.
Although the trial court had not ruled on the former wife's motion seeking to vacate the ex parte temporary restraining order at the time she filed her mandamus petition, we have considered petitions challenging the propriety of the issuance of such orders involving the change of custody of children in similar circumstances, even in the absence of a ruling from the trial court denying relief from such an order. See, e.g., Ex parte B.J.C., 248 So.3d 988 (Ala. Civ. App. 2017) ; Ex parte Hutson, 201 So.3d 570 (Ala. Civ. App. 2016) ; Ex parte Franks, 7 So.3d 391 (Ala. Civ. App. 2008) ; and Ex parte Russell, 911 So.2d 719 (Ala. Civ. App. 2005). Therefore, we will address the former wife's mandamus petition insofar as it challenges the propriety of the issuance of the ex parte temporary restraining order. The former wife argues that the trial court issued the ex parte temporary restraining order in violation of Rule 65(b), Ala. R. Civ. P. Rule 65(b) provides, in pertinent part:
"A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have *658 been made to give the notice and the reasons supporting the claim that notice should not be required."
Although the former wife mentions in her mandamus petition the issue whether the statements made by the former husband's attorney regarding the lack of notice to the former wife met the requirements of Rule 65(b)(2), she primarily argues that the motion for an ex parte temporary restraining order lacked proper verification and did not "contain any specific language as to any immediate danger or irreparable harm to the minor children absent the granting of a temporary restraining order" as required by Rule 65(b)(1). In his response to the petition, the former husband argues that his motion for an ex parte temporary restraining order was properly verified and that the sufficiency of the allegations contained within the motion is a question to be determined by the trial court.
"While the trial court is accorded wide discretion in determining whether or not a temporary restraining order should be granted, when such an order is issued without a hearing, a close scrutiny of the existing circumstances under which it is sought should be made by the trial court. Ex parte Purvis, 382 So.2d 512 (Ala. 1980) ; Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (1975). Furthermore, this kind of relief cannot be accorded without notice or hearing unless 'the verified facts of the complaint clearly justify the petitioner's apprehension about the threat of irreparable injury. See Committee Comments, Rule 65, [Ala. R. [Civ.] P.' Falk v. Falk, 355 So.2d 722, 725 (Ala. Civ. App. 1978)."
Ex parte Williams, 474 So.2d 707, 711 (Ala. 1985). In his motion for an ex parte temporary restraining order, the former husband alleged that the former wife intended to relocate with the children to reside with her paramour. The former husband alleged that the former wife had, in the past, been subjected to verbal and physical abuse by her paramour. The former husband does not mention any harm that may befall the children should the temporary restraining order not be granted.
In Ex parte Williams, the father learned that the mother had moved to the State of Georgia and became concerned that the mother would remove their minor child from the State of Alabama. 474 So.2d at 708. The father petitioned the trial court in that case for a temporary restraining order prohibiting the mother from removing the child from the trial court's jurisdiction and granting the father temporary custody pending a hearing on the father's petition for a modification of custody. Id. Our supreme court held:
"Our own close scrutiny of the verified complaint filed by [the father] reveals not only that the requirements of Rule 65(b)(2) were not met, but also that the only 'immediate and irreparable injury, loss, or damage' alleged by [the father] was a disruption of his visitation rights if the child was taken to Georgia. We find that this allegation falls short of constituting a clear threat of irreparable and immediate injury as required by Rule 65(b)(2)."
Id. at 711.
Similarly, in the present case, the former husband did not present any facts in his motion for an ex parte temporary restraining order that showed "immediate and irreparable injury." Rule 65(b)(1). Likewise, "[i]n Ex parte Boykin, 656 So.2d 821, 826 (Ala. Civ. App. 1994), this court held that an 'injunction was invalid because neither the mother nor the trial court complied with the requirements of Rule 65 ....' " Person v. Person, 236 So.3d 90, 100 (Ala. Civ. App. 2017). "A void *659 order is a complete nullity, and it is the duty of the court on application of an interested party to vacate the void order at any time subsequent to its rendition." Id. (citing Hodges v. Archer, 286 Ala. 457, 459, 241 So.2d 324, 326 (1970) ).
The former husband, in his response to the former wife's petition for a writ of mandamus, addresses only the validity of his "verification" and not the sufficiency of the grounds he alleged in support of the issuance of an ex parte temporary restraining order. Because we have determined that the order is void for the reasons expressed, we pretermit any discussion of the sufficiency of the verification.
The former wife has established that she has a clear legal right to the vacation of the trial court's August 7, 2018, ex parte temporary restraining order. We grant the former wife's petition for the writ of mandamus directed to the entry of the ex parte temporary restraining order for the reasons expressed and direct the trial court to vacate that order.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J., concurs in the result, without writing.

Although the former wife points out that the documents in support of the former husband's petition to modify custody were incorrectly filed in the divorce action, her arguments in support of her petition seeking the writ of mandamus are based on other grounds.